**Gunther FORSTMANN, Plaintiff,**

**v.**

**Robert G. CULP, Jr., and Culp, Inc., Defendants.**

**Civ. A. No. C–85–1014–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

Feb. 13, 1987.

David M. Clark, Greensboro, N.C., for plaintiff.

A. Ward McKeithen, of Robinson, Bradshaw & Henson, Charlotte, N.C., for defendants.

## MEMORANDUM OPINION

GORDON, Senior District Judge:

This matter comes before the court on plaintiff's motion and supplemental motion to amend the complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed suit on August 19, 1985 alleging breach of contract, quantum meruit, fraud, and violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act. On October 11, 1985, plaintiff amended the complaint as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendants filed their answer on October 15, 1985.

The parties submitted, pursuant to Local Rule 204 of the Middle District of North Carolina, initial pre-trial stipulations and an order on November 7, 1985. The parties stipulated that "there is no present need ... to amend the pleadings." Accordingly, the court entered an order pursuant to Federal Rule of Civil Procedure 16(b)(1) "that any motion for leave to amend [the] pleadings must be filed on or before the 3rd day of January, 1986." In addition, the court ordered the parties to complete all discovery by April 15, 1986 and to file any dispositive motions, including motions for summary judgment, within sixty days from the close of discovery.

Plaintiff moved to amend the complaint on January 3, 1986. In this motion, plaintiff added a cause of action for promissory estoppel and stated with more particularity his allegations of fraud and violation of the RICO Act. The court allowed this amendment.

On June 16, 1986, defendants filed a motion for summary judgment. The court heard oral argument on October 22, 1986 and entered an opinion and order on November 28, 1986 granting partial summary judgment, 648 F.Supp. 1379.

Plaintiff now moves the court for leave to amend his complaint a third time so as to add claims under the North Carolina Unfair Trade Practices Act and federal and state securities laws. Defendants have responded in opposition to the motion.

## DISCUSSION

Rule 16(b)(1) of the Federal Rules of Civil Procedure provides that a district court "*shall,* after consulting with the attorneys for the parties ..., enter a scheduling order that limits the time ... to amend the pleadings." (emphasis supplied). The drafters of the Rules intended this order to "control the subsequent course of the action" so as to "improve the quality of justice rendered in the federal courts by

sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process." Fed.R. Civ.P. 16(e) and Notes of Advisory Committee on Rules. The timetable established by the scheduling order thus necessarily binds the parties. The drafters nonetheless deemed "total inflexibility" to be "undesirable." Accordingly, Rule 16(b) further provides that a court may modify the order "upon a showing of good cause."

In the present case, the court entered an initial scheduling order on November 7, 1985. This order required the parties to file any motion for leave to amend the pleadings on or before January 3, 1986. Plaintiff now moves, more than one year after this deadline, to file a third amendment to his complaint.

██ A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. The party must first demonstrate that there is some "good cause" why the court should not adhere to the dates specified in the scheduling order. If the party shows "good cause" to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure 15.

██ Plaintiff clearly fails to satisfy the first prerequisite. Plaintiff offers no reason as to why the court should modify the scheduling order of November 7, 1985. Plaintiff merely recites the language of Rule 15 which specifies that courts shall "freely give" amendments and case law which states that "delay alone" in moving to amend is an insufficient reason for a court to deny leave to amend. *See, e.g., Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 617 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980) ("delay alone ... without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as a reason for denial"). In essence, plaintiff argues that "[i]f there is a sufficient showing under Rule 15 for a pleading to be amended ... that showing

also suffices as good cause for release from the deadline in the initial pretrial order." The court disagrees.

The Supreme Court extensively amended Federal Rule of Civil Procedure 16 in 1983. The most significant change to Rule 16 was the mandatory scheduling order described in Rule 16(b). As presently written, Rule 16(b)(1) *requires* a trial court to enter an order that limits the time for amendments to the pleadings. The Advisory Committee on Rules suggested that early judicial control over modern litigation, including the scheduling of dates for the completion of the principal pretrial steps by the parties, is desirable because cases will then be "disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices." Fed.R.Civ.P. 16, Notes of Advisory Committee on Rules. This court cannot conclude that the Supreme Court would promulgate this amendment to Rule 16 with the accompanying rationale if the Court intended that litigants could invoke the language of Rule 15 and thereby circumvent completely the newly enacted amendment. As noted in a recent opinion, the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985).

Instead, a party who attempts to file a motion to amend after the date specified in the pretrial scheduling order must demonstrate that there is some "good cause" why the court should not adhere to the timetable specified in the scheduling order. Fed. R.Civ.P. 16(b). As explained in the Notes of the Advisory Committee on Rules, the party seeking to file the untimely amendment must demonstrate "good cause" why the timetable "cannot reasonably be met *despite the diligence of the party* seeking the extension." (emphasis added). A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under case law interpreting Rule 15. Plaintiff's citation to the liberality afforded motions to amend under

Rule 15 thus fails to demonstrate "good cause" under Rule 16(b).

▮▮▮▮ Furthermore, plaintiff has not advanced any reason why the causes of action presented in the proposed amended complaint could not have been brought in a timely fashion. Indeed, plaintiff admits that these proposed causes of action are "based on exactly the same facts as the prior complaint." [1] The court thus denies plaintiff's motion to amend and supplemental motion to amend as untimely under the pretrial scheduling order.

Moreover, even if plaintiff could demonstrate "good cause" under Rule 16(b), the court would deny plaintiff's motions to amend under Rule 15. Plaintiff correctly notes that Rule 15(a) requires courts to look favorably on requests to amend pleadings. It states that "leave [to amend] shall be freely given when justice so requires." The liberal amendment policy prescribed by Rule 15(a) does not, however, mean that a court will give leave to amend in every instance. "The requirement of judicial approval suggests that there are instances where leave should not be granted." *Klee v. Pittsburgh & W. Virginia Ry. Co.*, 22 F.R.D. 252, 255 (W.D.Pa.1958). Moreover, the text of Rule 15 makes it clear that a court is not to grant permission to amend automatically. Rather an amendment is proper only "when justice so requires." *See* 6 Wright and Miller, *Federal Practice and Procedure* § 1487 (1971).

Essentially, then, a district court has discretion to grant or deny leave to amend under Rule 15(a). *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Rule 15(a), however, admonishes courts not to impose arbitrary restrictions on the availability of amendments. A trial court must base denial of leave to amend on a valid reason, for, as the Supreme Court has stated, the "outright refusal to grant ... leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In *Foman*, the Court enunciated several factors a court might consider in deciding whether to grant leave to amend:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182, 83 S.Ct. at 230. In interpreting Rule 15(a) and *Foman*, the courts have generally predicated denial of a late motion to amend upon prejudice to the opposing party. *Davis*, 615 F.2d at 617; *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir.

---

1. Plaintiff also argues that "we realize that this Court routinely places in initial pretrial orders a cutoff date for amendment of pleadings which comes early in the discovery process. We are certain, however, that such routine orders do not mean, nor could they mean consistent with the Federal Rules and the Seventh Amendment, that later amendments after full discovery or after changed circumstances cannot be made upon a showing of good cause." The court agrees. "Good cause" for modifying the scheduling order might exist if, for example, plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action. *See, e.g., Sweetheart Plastics, Inc. v.*

*Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir.1984) (trial court abused discretion in refusing to permit plaintiff to amend complaint where plaintiff's knowledge of evidence upon which amendment was based was discovered six days before trial). But the mere fact that a plaintiff chooses to wait until a court rules on the causes of action stated in the initial complaint before articulating additional causes of action, under the guise of "changed circumstances," is clearly not the "good cause" contemplated by Rule 16(b). Indeed, it is this type of "wait and see" position that Rule 16(b) seeks to prevent.

1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). *See* Wright and Miller, *Federal Practice and Procedure* § 1487 (1971). Conversely, a court will allow an amendment, in most cases, where prejudice is absent. *Davis*, 615 F.2d at 617. In order to reach a decision on whether prejudice sufficient to justify denial of leave to amend exists, the court should evaluate the position of both parties. *See, e.g., Henderson v. U.S. Fidelity and Guaranty Co.*, 620 F.2d 530 (5th Cir.), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). This evaluation "entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." Wright and Miller, *Federal Practice and Procedure* § 1487 (1971).

■ In the instant case, plaintiff will not be substantially prejudiced by denial of leave to amend. Plaintiff retains a cause of action for fraud. More importantly, plaintiff was or should have been aware of the claims asserted in the proposed amended complaint when he filed this action. Plaintiff admits that the proposed amendments are "based on exactly the same facts as the prior complaint." [2] Many courts have held that where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial. *See, e.g., State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir.1979), *cert. denied*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980). *See also Tenneco Resins, Inc. v. Reeves Bros., Inc.*, 752 F.2d 630, 634 (Fed.Cir.1985) ("litigant's failure

to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend").

On the other hand, defendant will be substantially prejudiced if the court grants leave to amend. Discovery in this action is now closed. The Fourth Circuit recently held that "prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party ... where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986). *See also Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir.1981) (trial court, which made a specific finding of prejudice to employer, did not abuse discretion in denying claimants motion for leave to amend pleadings made after discovery was virtually complete and defendant's motion for summary judgment was pending before the court); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974) (burden of additional discovery necessary to defend new legal theory advanced after delay is "manifestly unfair and unduly prejudicial").

In addition, the court has already granted a partial summary judgment. To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendants. *See Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir.1982) ("after summary judgment has been granted, the court has more reason for refusing to allow amendment"); *Kelsey v. Minnesota*, 565 F.2d 503, 507 (8th Cir.1977) (where amended complaint not filed until after deadline for sub-

---

2. Plaintiff's reply brief suggests that plaintiff was aware of the unfair trade practice claim at the time of filing the original complaint. Plaintiff argues that "one of the factors militating in favor of allowing plaintiff's proposed amendment is that since the RICO claim is no longer in the case the prospect for jury confusion by

two treble damage causes of action is eliminated; and it is very appropriate now for this state [sic] cause of action to be asserted in this diversity action." This argument intimates that plaintiff chose not to assert the unfair trade practice claim at an earlier date.

mitting briefs and affidavits in connection with summary judgment motion, with summary judgment subsequently being granted, the motion to amend was properly denied as untimely).

Permitting plaintiff to amend at this late date would require the court, in fairness to the defendants, to entertain another summary judgment motion. In addition, allowing plaintiff's motion would require the reopening of discovery with respect to the additional claims.[3] The additional discovery and motions would certainly necessitate a postponement of trial. Some courts have held that where the proposed amendment might necessitate the postponement of trial, a court may properly deny leave to amend unless the proposed additional causes of action represent new areas of the law that the movant could not have developed and incorporated into the cause of action at an earlier date. *See, e.g., DeBry v. Transamerica Corp.*, 601 F.2d 480, 492 (10th Cir.1979).

■ Furthermore, contrary to plaintiff's arguments, the delay in seeking the amendment is a relevant consideration. Many courts are reluctant to deny a motion to amend merely because the party delayed in making the motion. Courts often state, as plaintiff notes, that "delay alone" is not sufficient reason to deny leave to amend. *See, e.g., Davis*, 615 F.2d at 617. But these same courts recognize that "delay becomes fatal at some period of time." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*

*Inc.*, 690 F.2d 1157, 1163 (5th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). These courts correctly quote the language of *Foman v. Davis* wherein the Supreme Court stated that "undue delay" constitutes sufficient grounds for denying leave to amend. *See, e.g., Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 n. 2 (4th Cir.1984) ("unjustified delay is grounds for denying leave to amend"); *Woodson v. Fulton*, 614 F.2d 940 (4th Cir.1980) ("undue delay" is grounds for denying leave to amend).[4]

This court does not propose to deny plaintiff's motion for "undue delay." Yet the delay in seeking leave to amend does enter into the decision to deny leave to amend because the delay increases the prejudice to defendants. "Delay and prejudice ... reinforce each other." *Tenneco Resins, Inc. v. Reeves Bros., Inc.*, 752 F.2d 630, 634 (Fed.Cir.1985). "The risk of substantial prejudice increases with the passage of time." 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971). Evidence grows stale as witnesses become unavailable, documents are misplaced, and crucial facts are forgotten or misremembered. A court must necessarily consider these facts in evaluating whether prejudice exists.

## CONCLUSION

Plaintiff has failed to demonstrate good cause why the court should modify the

---

3. Plaintiff urges that defendant would not need to conduct additional discovery on the proposed claims. The court cannot agree with plaintiff's suggestion that defendant would not wish to conduct additional discovery. The difference between the present complaint (fraud) and the proposed amended complaint (fraud, unfair trade practices, and violation of state and federal securities laws) is substantial.

4. The appellate courts often state the language of "delay alone" versus "undue delay." Explanations of the distinction between the two phrases, however, are virtually nonexistant. This lack of explanation occurs because the determination of when a party has crossed the threshold from "delay alone" to "undue delay" is unique in each case. Some causes of action

simply take longer and are more difficult to litigate than others.

In addition, many court place the burden upon the movant to show some "valid reason for his neglect and delay" where, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend. *See, e.g., Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19–20 (1st Cir.1979); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir.1967). Although the court does not base its ruling on plaintiff's lack of a valid reason for the delay in filing the motion to amend, the court notes these cases to show that a party should not casually ignore the passage of time in deciding when to file a motion to amend.

scheduling order in this case so as to allow the current motions to amend. In addition, allowance of plaintiff's proposed amendments would result in substantial prejudice to the defendants. Accordingly, IT IS ORDERED that plaintiff's motion and supplemental motion to amend be, and the same hereby are, DENIED.