GSS PROPERTIES, INC., Plaintiff,

v.

KENDALE SHOPPING CENTER, INC., Defendant.

No. C–87–644–D.

United States District Court,
M.D. North Carolina,
Durham Division.

March 15, 1988.

C. Allen Foster, Richard D. Conner, Greensboro, N.C., for plaintiff.

E.K. Powe, David E. Fox, Durham, N.C., for defendant.

ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff moves pursuant to Rule 15(a), Fed.R.Civ.P., to file an amended complaint which deletes a request for declaratory relief and substitutes two claims of fraud based on defendant's alleged misrepresentation of material facts in the sale of a shopping center to plaintiff and a concomitant count of unfair trade practices. Plaintiff states the amendment is based on matters brought to light after the original pleadings were filed and that defendant will not be prejudiced.

Defendant vigorously opposes the motion and contends that the information set out in the proposed amended complaint was known to plaintiff prior to the filing of the lawsuit and that in addition, the proposed amendment is not made in good faith, but rather as an attempt to influence a settlement. In support of these contentions, defendant presents the affidavit of Orton J. Cameron, an attorney who assisted defendant in selling the shopping center to plaintiff.

In his affidavit, Cameron states that on December 22, 1987, and at a break in a shareholder meeting of defendant, he met with Jeffrey Stephens, President of the plaintiff corporation, and Andrzej B. Moszynski, a corporate officer of the Bistol Capital Corporation, which assigned its right to purchase the shopping center to plaintiff. Thereafter, settlement discussions were conducted, including telephonic discussions among these three individuals and the attorney's representing the parties in this case. When it became apparent that settlement would not be achieved at that time, Moszynski and Stephens left the room to talk privately. They returned and Moszynski expressed his disappointment and mentioned the possibility of amending the complaint. Cameron states that earlier on during the conference, Moszynski had stated that it was his understanding that defendant's shareholders, who are all members of

the P.K. Buchanan family, were interested in settling this case. During the discussions Moszynski also stated that since the shareholders had obviously been talked out of settlement by their attorneys, plaintiff intended to amend its complaint and raise additional allegations of fraud. Moszynski said these new allegations would relate to misrepresentations concerning various lease agreements with the tenants of the shopping center and that plaintiff had learned of these misrepresentations before filing suit in this matter. He stated plaintiff did not raise these allegations earlier because of regard for defendant's shareholders. Next, Cameron shows that information concerning the lease agreements, upon which the claims of fraud and unfair trade practices are based, had all been provided to plaintiff prior to the sale of the shopping center.

▮ Motions to amend a complaint pursuant to Rule 15(a), Fed.R.Civ.P., should be freely granted in order that the claim may be fully tested on its merits. *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987). In the Fourth Circuit, a motion to amend the complaint may only be denied upon a finding of prejudice to the opposing party, bad faith on the part of the moving party, or the futility of the amendment. Delay in making the amendment is not a sufficient reason to deny the motion.[1] *Johnson. v. Oroweat Foods Co.,* 785 F.2d 503, 509–10 (4th Cir.1986). Therefore, while the Court has discretion in deciding motions made pursuant to Rule 15(a), Fed.R.Civ.P., it must focus on prejudice, bad faith, or futility as being the only legitimate concerns in exercising that discretion. *Island Creek Coal Co. v. Lake Shore, Inc., supra,* at 279.

▮ In the instant case, while the Court does not find the amount of delay in filing the motion to amend the complaint to be extreme, it does find the nature of the delay to be blatant. The motion to amend

---

[1]. The circuits are not unanimous. The Tenth Circuit holds a contrary view and finds that delay alone is a sufficient basis for denying a motion to amend a complaint. *First City Bank v. Air Capitol Aircraft Sales,* 820 F.2d 1127, 1133 (10th Cir.1987).

was made only three months after the complaint was filed and three months prior to the end of discovery. And, it was filed within the time set by the Court in the initial pretrial conference order. Notwithstanding, the parties had stipulated that there was no present need to amend the pleadings. Moreover, it appears that plaintiff was fully advised of the facts constituting the amendment prior to filing suit in this action. The delay may be deemed blatant in the sense that plaintiff clearly knew of these facts prior to filing this action, yet did not make the proposed causes of action part of the original complaint and, in fact, went through an initial pretrial conference and scheduling order pursuant to Rule 16(b)(1), Fed.R.Civ.P., without disclosing to the Court that amending the complaint was a possibility. Such blatant delay, even though normally not itself sufficient to deny a Rule 15(a) motion in this Circuit, may serve as an important factor for denial by viewing it as exacerbating any finding of bad faith or prejudice. *Forstmann v. Culp*, 114 F.R.D. 83, 88 (M.D.N.C.1987). That is the situation in this case.

The blatant delay, in combination with the showing of plaintiff's bad faith in submitting the amendment, is sufficient to deny plaintiff's motion to amend. Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1487 n. 63 (1971 and 1987 Supp.). Generally, when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise. Parties have an obligation to introduce, at the earliest stage of the litigation as possible, the matters upon which they want to rely in supporting their claim or defense. 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1488 at 444 (1971). In the instant case, the Court finds bad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that

plaintiff had an ulterior purpose of either attempting to force defendant to settle or punishing defendant for failing to settle. The blatant nature of the delay combined with this finding of bad faith persuades the Court to exercise its discretion and deny the motion to amend the complaint.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint to add additional causes of action is hereby denied.