891 F.2d 287
 15 Fed.R.Serv.3d 996
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JAMES RIVER-NORWALK, INC., Plaintiff-Appellee,
v.
BURCH ROOFING COMPANY, INC., Defendant & Third Party
Plaintiff-Appellant,
v.
ISOTHERMAN PROTECTIVE COATINGS, INC.; Polythane Systems,
Inc., Third-Party Defendants.
JAMES RIVER-NORWALK, INC., Plaintiff-Appellant,
v.
BURCH ROOFING COMPANY, INC., Defendant & Third Party
Plaintiff-Appellee,
v.
ISOTHERMAN PROTECTIVE COATINGS, INC.; Polythane Systems,
Inc., Third-Party Defendants.
 Nos. 88-2968, 88-2986.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1989.
Decided: Nov. 16, 1989.
 
 John Edward Cuttino (Turner, Padget, Graham and Laney, P.A., Michael M. Nunn, Coleman, Aiken and Chase, P.A., on brief), for Burch Roofing Company, Inc.
 Joseph L.S. St. Amant (Charles W. McIntyre, Jr., Elizabeth E.S. Skilling, McGuire, Woods, Battle & Boothe, John L. Weaver, Yarborough, Lewis & Weaver, on brief), for James River-Norwalk, Inc.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Burch Roofing Company, Inc. (Burch Roofing) appeals from the decision of the district court granting the motion of James River-Norwalk, Inc. (James River) to amend its complaint. Burch Roofing also appeals from the denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. James River cross appeals from the grant of a directed verdict to Burch Roofing on James River's negligence claim. We affirm.[1]
 
 I.
 
 2
 James River contracted with Burch Roofing for the installation of a new roof at its Darlington, South Carolina plant at a cost of $317,852.00. The roof subsequently leaked, resulting in this lawsuit filed by James River on March 23, 1987 alleging negligence, fraud, strict liability, and breach of express and implied warranties.[2] Burch Roofing counterclaimed alleging that certain of its property had been converted by James River in the course of the roof installation.
 
 
 3
 In its revised scheduling order, the district court set a deadline of August 1, 1987 for motions to join and amend, a discovery cutoff date of October 9, 1987, and a deadline of October 23, 1987 for all other motions. On August 1, 1988, the first day of trial, the district court indicated that it was contemplating granting a directed verdict for Burch Roofing on all claims of James River. James River immediately moved to amend its complaint to add a common law breach of contract claim. The district court granted the motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.
 
 
 4
 At the close of all the evidence, the district court granted a directed verdict for Burch Roofing on all claims of James River except the claim for breach of contract. The jury subsequently returned a verdict of $613,000.00 against Burch Roofing for breach of contract and a $24,500.00 verdict against James River for conversion.
 
 II.
 
 5
 Burch Roofing argues that the district court erred in allowing James River to amend its complaint without considering the prejudice to Burch Roofing and without considering that no attempt had been made to amend during the sixteen months the lawsuit had been pending. This court has repeatedly held, and Burch Roofing concedes, that "[d]elay alone, without prejudice, does not support the denial of a motion for leave to amend." Deasy v. Hill, 833 F.2d 38, 41 (4th Cir.1987), cert. denied, 108 S.Ct. 1271 (1988). However, if accompanied by bad faith or prejudice to Burch Roofing, the delay by James River would be an appropriate ground for denial of leave to amend. National Bank of Washington v. Pearson, 863 F.2d 322, 328 (4th Cir.1988). Thus, the district court properly focused on whether allowing James River leave to amend would unfairly surprise or otherwise prejudice Burch Roofing. While the timing of the motion muddles its resolution, we cannot say that the district court erred in concluding that the late amendment would not prejudice Burch Roofing. We are conscious of the claim that Burch Roofing, relying on the original complaint, marshaled its resources to defend against theories of product liability. However, this proves no prejudice since allowing amendment of the complaint to add common law breach of contract had no effect, under these facts, on the character of proof necessary to defend a lawsuit already alleging breach of warranty. Accordingly, we are unable to say that the district court abused its discretion by allowing amendment of the complaint.
 
 
 6
 Burch Roofing also contends that the district court erred in allowing the amendment without requiring James River to show "good cause" why the court should not adhere to the dates specified in the scheduling order as mandated by Federal Rule of Civil Procedure 16(b). Burch Roofing relies heavily on Forstmann v. Culp, 114 F.R.D. 83 (M.D.N.C.1987), which held that in addition to satisfying the requirements of Rule 15(a), a party seeking leave to amend after the date specified in the pretrial scheduling order must also demonstrate that there is some "good cause" why the court should not adhere to the scheduling order. Id. at 85. Forstmann should not be considered a correct statement of law to the extent it is inconsistent with this opinion. We hold that after a scheduling order has expired, the considerations of Rule 16(b) are not relevant to the analysis of a motion for leave to amend pursuant to Rule 15.
 
 III.
 
 7
 Burch Roofing next argues that the district court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, in which it contested the sufficiency of the evidence supporting the amount of damages awarded by the jury. Examining the evidence in the light most favorable to James River, we conclude that there is substantial evidence supporting the verdict. Since the judgment is affirmed, James River's cross appeal is moot.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Before trial, Burch Roofing dismissed their third-party complaint against third-party defendants Isotherman Protective Coatings, Inc. and Polythane Systems, Inc
 
 
 [2]
 James River withdrew its fraud and strict liability claims on the first day of trial