107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell W. GRIPP, Plaintiff-Appellant
v.
COUNTY OF SISKIYOU; City of Yreka, Defendants-Appellees.
 No. 95-16642.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 13, 1996.
 
 Before BROWNING, ALDISERT,** and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 Darrell Gripp brought a civil rights claim under 42 U.S.C. § 1983 alleging excessive force against several police officers and failure to train against the County of Siskiyou. Although Gripp was aware of the identity of the officers, Gripp's attorney filed the lawsuit against "unknown" officers. The district court denied Gripp leave to file a second amended complaint identifying the officers by name. Left without a case against the individual officers, Gripp's sole action was against the County for inadequate training. The district court dismissed Gripp's claim on defendant County of Siskiyou's motion for summary judgment. Gripp appeals and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Gripp's complaint alleges that officers used excessive force against him when they were dispatched to his house in response to a neighbor's complaint about noise. He alleges officers used excessive force both at his home and again when the officers transported him to the Siskiyou County Jail. Gripp alleges that the officers caused physical harm to him including: a fractured right elbow, torn ligaments, bruises on his arm, and abrasions. Gripp further alleges that he was denied repeated requests for needed medical care.
 
 
 4
 Gripp showed a videotape of the alleged abuse to his attorney, who then filed suit on May 27, 1994. Although the officers' identities were easily ascertainable from the videotape, Gripp's attorney named only "unknown" officers in his complaint. On September 13, 1994, four months after filing the original suit, Gripp's attorney filed a first amended complaint, which again failed to name the individual officers. On October 3, 1994, the district court issued its pre-trial scheduling order, which stated that "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." Status (pre-trial scheduling) Order, 10/3/94. On December 14, 1994 Gripp sought leave to file a second amended complaint naming the individual officers. This motion was denied.
 
 DISCUSSION
 I. Denial of Leave to Amend
 
 5
 The narrow question to be decided is "when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992). Gripp argues that the court should liberally allow amendment under Federal Rule of Civil Procedure 15(a). However, as the court noted in Johnson, once a pre-trial scheduling order has been issued, Rule 15 no longer provides the standards by which we consider Gripp's motion to amend. Id.
 
 
 6
 The court must look to the pre-trial scheduling order to determine what standards to apply to Gripp's motion to amend. Id. at 608. Here, the scheduling order allows joinder of additional parties only where Gripp can show good cause. "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15." Id. at 609 (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C.1987). Rather, Gripp can show good cause only if he can show that he could not have named the individual officers despite his diligence. Id. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.
 
 
 7
 Gripp admits he knew the identity of the officers in February of 1994, three months before his attorney filed the original suit. See Gripp Declaration at 160[1]; Gripp Declaration, Exhibit A, "Claim Against Public Entity"; Appellant's Opening Brief at 4.[2] Gripp's only argument in his brief is that he will be prejudiced if he is not allowed to name the individual officers. A showing of prejudice, however, is not enough. Once it is shown that a party was not diligent, no amount of prejudice will satisfy the good cause standard. Johnson, 975 F.2d at 609.
 
 II. Inadequate Training Claim
 
 8
 In his claim against the City and County, Gripp alleges that his injuries resulted from a policy of using excessive force in processing individuals at the Siskiyou County Jail. (Am.Comp. p 23.) Moreover, he alleges that both the City and the County have failed to adequately "train their officers in the proper handling of individuals to be processed at the Siskiyou County Jail." (Id.)
 
 
 9
 The inadequacy of police training may serve as a basis for liability under § 1983 only when there is a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "[I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. Deliberate indifference will be found where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390. A claim of deliberate indifference may be established where the police have used excessive force so often, that the need for further training must have been plainly obvious to the city policymakers. Id. n. 10.
 
 
 10
 In support of his failure to train claim, Gripp submitted the deposition of his expert on police procedures, Mr. Gardner, and the declarations of former Siskiyou County officers, Mr. Martinez, and Ms. Allison. Mr. Gardner testified in his deposition that in his opinion excessive force was used against Gripp. He identified several procedures that should have been taken by the police officers to avoid the harm inflicted on Gripp.
 
 
 11
 These statements by Mr. Gardner do not establish a failure to train claim. Gripp must submit evidence that the City failed to adequately train its officers. "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal bias for holding the city liable." Id. at 391. "In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Id. at 392. In this case, the fact that the individual officers failed to use the proper procedures says little about the City's liability on a failure to train claim.
 
 
 12
 Gripp also relies on the Martinez and Allison declarations. Martinez states that he is aware of three particular instances of inmates being mistreated. Martinez Decl. p 3. He states that he was involved in one of the incidents as an officer and that he received no additional training after the incident. Id. at pp 3-5. Martinez also states that "[d]uring my stay in the jail, the watch commanders were fully aware of the above-noted mistreatment of inmates. Rarely would any watch commander do anything to prevent the mistreatment. At no time did the watch commanders intervene to stop the abuse of inmates." Id. at p 7.
 
 
 13
 Allison also states that she "became aware of several instances of excessive use of force by correctional officers." Allison Decl. p 3. She noted only one such incident and then concluded that she "considered Correctional Officers Eastlick and Montreuil to be bullies." Allison Decl. p 3.
 
 
 14
 These specific instances of misconduct do not rise to the level of deliberate indifference. "In those cases where we have held that a question of fact existed as to the deliberately indifferent character of a municipality's failure to train, plaintiffs have alleged a program-wide inadequacy." Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir.1994), cert. denied by, Lennon v. Alexander, 115 S.Ct. 735 (1995); Reed v. Hoy, 909 F.2d 324, 331 (9th Cir.1989), cert. denied, 501 U.S. 1250 (1991)). In this case, Gripp has not alleged such program-wide failure to train.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Q Now, looking at the first document attached to the letter, which is the Internal Affairs report
 A Uh-huh (affirmative).
 Q Okay. That's a three page--I think it's a three page--
 A I have read this.
 Q Goes over into four pages. You reviewed that sometime in February?
 A Yes, after I received it.
 Q And you were aware of--at that time, of the names of the officers identified in that document?
 A Yes.
 
 
 [2]
 "At the time of the filing of the complaint, the actual names of the police and correctional officers were unknown to plaintiff's counsel although they were identified by the videotape and identified in the complaint."