**Kim Henley JACKSON, Plaintiff,**

v.

**LAUREATE, INC., et al., Defendants.**

**No. S–98–1549 GEB DAD.**

United States District Court, E.D. California.

June 16, 1999.

---

606

Richard R. Johnson, for plaintiff.

Scott T. Shibayama, Sacramento, CA, for defendant.

## ORDER [*]

BURRELL, District Judge.

Plaintiff moves for leave to amend her Complaint, stating that "the Court ordered that amendment of the pleadings would be permitted for good cause," but arguing solely that Federal Rule of Civil Procedure 15(a)'s [1] standards support her motion. Pl.'s Mot. at 2. Defendants oppose the motion, arguing that because Plaintiff's proposed amendment includes new claims, Defendants would suffer prejudice should the requested amendment be allowed. For the reasons stated below, the motion is denied.

Plaintiff's motion fails to recognize that the liberal amendment standard set out in Rule 15(a) is inapplicable until Plaintiff

[*] This matter was deemed suitable for decision without oral argument. L.R. 78–230(h).

1. Unless otherwise noted, all citations to Rules are to the Federal Rules of Civil Procedure.

first demonstrates that "good cause" as prescribed by Rule 16(b) justifies the amendment.[2] This is because a Rule 16 Status (Pretrial Scheduling) Order was entered in this case on November 17, 1998, that prohibits amending the pleadings absent a showing of "good cause." As the Ninth Circuit explained in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992), once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).[3] *See id.* at 607–08 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 84 (M.D.N.C.1987)). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F.Supp. 1230, 1232 n. 3 (E.D.Cal.1996); *Marcum*, 163 F.R.D. at 253–54. Thus, whether Plaintiff should be granted leave to amend her Complaint depends first upon whether she can satisfy her burden of showing that "good cause" justifies amendment of the Rule 16 Order. *See Johnson*, 975 F.2d at 608–09.

■ Rule 16's "good cause" standard focuses on the diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609. As the Ninth Circuit has stated:

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith

of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, then the inquiry should end.

*Id.* (citations omitted).

■ Central to this required showing of diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir.1997). "As Rule 16 recognizes, scheduling orders are at the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir.1986), and are intended to alleviate case management problems, *Johnson*, 975 F.2d at 610. Because "[g]ood-faith compliance with [ ] Rule 16 plays an important role in this process," *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir.1991), not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation. *See Marcum*, 163 F.R.D. at 253 ("Indeed, a scheduling order is the critical

---

**2.** Since both parties argued Plaintiff's motion under Rule 15(a), *see* Pl.'s Mot. at 2; Defs.' Opp'n at 4, it appears that neither party understands the need for the movant to satisfy Rule 16(b)'s "good cause" standard before the Court reaches the issue whether the amendment should be allowed under Rule 15(a). *See Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995). This lack of understanding of the applicability of Rule 16's good cause standard to such motions has been manifested in numerous cases on the Court's docket.

**3.** The Rule 16 Order states in pertinent part: "No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown." Order filed Nov. 17, 1998, at 2. Even if Plaintiff's request is construed as one seeking to satisfy the Rule 16 Order's requirement of "good cause" for amendments to pleadings, rather than one seeking amendment to the Rule 16 Order itself, the initial inquiry remains the same—whether Plaintiff demonstrates "good cause" to amend either the Rule 16 Order or her pleadings at this time. *See Johnson*, 975 F.2d at 608–09.

path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.' "); *Forstmann*, 114 F.R.D. at 84 ("The drafters of the Rules intended this order to 'control the subsequent course of the action' ...."). Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

 Plaintiff satisfies none of these diligence inquiries. The first inquiry focuses on whether Plaintiff discharged her duty to assist the Court in fashioning a Rule 16 order that would accommodate circumstances she now presents. If Plaintiff was aware of those circumstances when she submitted her status report and yet said nothing about them, then such an omission would not be "compatible with a finding of diligence." *Johnson*, 975 F.2d at 609. Parties anticipating possible amendments to their pleadings have an "unflagging obligation" to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may

properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible.[4] *See Veranda Beach*, 936 F.2d at 1371; 3 Moore's Federal Practice at § 16.36[3][c] ("Addressing these matters assertively early in the pretrial period ... [is] essential to coherent case development planning, and can avoid the delays and the wasteful repetition of discovery events that are often occasioned by amendments made later in the pretrial period."). Therefore, a party who fails to assist the Rule 16 scheduling judge in "fashioning workable programmatic procedures" must "bear the reasonably foreseeable consequences for [her] failure to do so." *In re San Juan Dupont*, 111 F.3d at 227–28.

 Plaintiff fails to pointedly address the first inquiry but argues that "the initial filing of this action was in State court, the chosen venue of plaintiff, and plaintiff therefor did not anticipate meeting federal pleading requirements as set forth in the FRCP or as to jurisdiction and venue as set forth in this Court's Local Rules." Pl.'s Mot. at 3. This argument fails to explain whether the information prompting Plaintiff to seek an amendment now was unknown to her before the Rule 16 Scheduling Order issued, and is woefully inadequate to satisfy her burden of demonstrating that she could not have alerted the judge earlier of her intention to amend her Complaint. Plaintiff assured the Court in her joint status report that "[n]o amendments to the pleadings are anticipated." Jt. Status Rep. filed Nov. 9, 1998, at 2. Since Plaintiff has not articulated any reason sufficient to allow her to recant that representation, she is bound by it.[5] *Cf. Jauregui*

---

4. To discharge this duty the parties and/or their lawyers are expected to do "investigative homework" that is reflected in their status reports concerning plans for disclosure of expert witnesses, discovery, and amendment to pleadings. *See* 3 Moore's Federal Practice § 16.36[3][a] (3d ed.1999). This input into the scheduling of the litigation fosters "the purpose of Rule 16 [which] is to insure early judicial intervention in the process of trial preparation and proper conduct of that entire process." *In the Matter of the Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984).

5. Plaintiff was provided a specific opportunity to object to any provision of the Rule 16 Order after its filing but failed to use that opportunity to alert the Court to an anticipated amendment. *See* Order filed Nov. 17, 1998, at 10 ("Any party may, within fifteen (15) calendar days after the date of this order, file and serve written objections to any of the provisions of this order."). Although an objection period is generally provided in a Rule 16 scheduling order, simply filing an objection to the Order may not excuse a party from its initial obligation to submit a comprehensive status report.

*v. City of Glendale,* 852 F.2d 1128, 1134 (9th Cir.1988) (concluding that a party was bound to facts to which it stipulated, without objection, in a Rule 16 order).

Nor has Plaintiff satisfied the remaining inquiries into her diligence. Namely, she fails to demonstrate that her inability to comply with the Rule 16 Scheduling Order results from her having become aware of information that she could not have reasonably foreseen at the time the Rule 16 Scheduling Order became final. Rather, Plaintiff is silent as to whether any "new and previously unavailable information" justifies the requested amendment. *Eckert Cold Storage,* 943 F.Supp. at 1233. Moreover, Plaintiff fails to show diligence in filing her motion to amend and having it heard.[6] Here again, Plaintiff's silence leaves the Court to conjecture as to when Plaintiff first realized that she would seek to amend her Complaint.

Since Plaintiff has not demonstrated that her request for leave to amend her Complaint is supported by good cause, her motion is DENIED.

IT IS SO ORDERED.

---

**6.** Although Plaintiff indicates that she delayed in bringing this motion because she was attempting to get Defendants to stipulate to the amendment to her pleadings, *see* Pl.'s Mot. at 3, as this Court has made clear, *"a mere stipulation by itself to change dates does not constitute good cause."* Order filed Nov. 17, 1998, at 10 (emphasis in original). Likewise, an attempt to obtain a stipulation does not constitute good cause.