**PENNINGTON PARTNERS, LLC, et al., Plaintiffs,**

v.

**MIDWEST STEEL HOLDING CO., Defendant.**

**No. WMN–09–2057.**

United States District Court,
D. Maryland,
Northern Division.

Dec. 9, 2010.

Lee Bryan Rauch, Ann M. Grillo, Barry Weiskopf, Tydings and Rosenberg LLP, Baltimore, MD, for Plaintiffs.

Robert C. Morgan, Morgan Carlo Downs and Everton PA, Hunt Valley, MD, Tony Guerino, II, Greenberg Traurig, Houston, TX, for Defendant.

### *MEMORANDUM AND ORDER*

PAUL W. GRIMM, United States Magistrate Judge.

Pursuant to the Court's order during a telephone hearing on October 25, 2010, Plaintiffs Pennington Partners, LLC, *et al.* have filed a letter motion to supplement their motion to strike Defendant Midwest Steel Holding Co.'s supplemental expert disclosures for two defense experts, Robert Buchanan, Ph.D. ("Buchanan"), and Kizito Taiwo, P.E. ("Taiwo"), and to preclude them from providing testimony at trial with regard to their supplemental opinions. ECF Nos. 38 & 45. Defendant has responded, and Plaintiffs have filed a reply. ECF Nos. 48 & 49. For the reasons stated herein, Plaintiffs' motion is DENIED, and the parties will conclude expert discovery/disclosures as directed below. This Memorandum and Order disposes of ECF Nos. 38, 45, 48, and 49.

Preliminarily, it is important to note that the original scheduling order in this case, ECF No. 8, required Plaintiffs' Rule 26(a)(2) expert disclosures by November 10, 2009; Defendant's Rule 26(a)(2) expert disclosures by December 7, 2009; Plaintiffs' rebuttal ex-

pert disclosures by December 21, 2009; and supplementation of expert disclosures and responses by December 28, 2009. Those deadlines were modified by an order issued on November 3, 2009, ECF No. 17, as follows: Plaintiffs' Rule 26(a)(2) disclosures by December 10, 2009; ·Defendant's Rule 26(a)(2) disclosures by January 6, 2010; Plaintiffs' rebuttal Rule 26(a)(2) disclosures by January 20, 2010; and Rule 26(e) supplementation of disclosures and responses by January 27, 2010. And, although the pretrial schedule subsequently was modified on February 22, 2010 (ECF No. 22); May 21, 2010 (ECF No. 28); September 2, 2010 (ECF No. 31); and September 20, 2010 (ECF No. 35), none of these changes modified the deadlines imposed in the November 3, 2009 order for Rule 26(a)(2) expert disclosures and the Rule 26(e) supplementation of disclosures and responses.

During the October 25, 2010 telephone hearing, I asked counsel to address in their filings the factors identified in *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592 (4th Cir.2003), which govern the outcome of motions to preclude expert disclosures or testimony pursuant to Rule 37(c), and they have done so. As for Buchanan, Plaintiffs argue that Defendant designated him as an expert long after the deadline for doing so had passed, over their objection, and without filing a motion to obtain Court permission to do so. Moreover, Plaintiffs state that they received Buchanan's report in September 2010, just eleven days before the discovery cutoff of October 1, 2010. They claim surprise with respect to his designation, which cannot be cured by further discovery, and argue that allowing him to testify would disrupt the not-yet-scheduled trial. Finally, they contend that Buchanan's evidence is not that important to Defendant's case, and that Defendant has failed to demonstrate substantial justification for failing to make timely disclosures and supplementation.

As for Taiwo, Plaintiffs agree that his designation as an expert on January 6, 2010 was timely, and that they received, more or less timely, his original and first supplemental reports. These disclosures identified three opinions that Taiwo intended to offer at trial. However, Plaintiffs state, on September 9, 2010, nearly nine months after the January 27, 2010 deadline for supplementing expert disclosures, Defendant served them with a "fourth" supplemental report as to Taiwo. (Taiwo's "third" supplemental report was prepared on June 16, 2010, but, as Defendant admits, was not sent to Plaintiffs until they inquired about the fourth supplemental report.) Plaintiffs argue that the third and fourth supplements to Taiwo's report were served long after the Rule 26(e) supplementation deadline, and that their net effect is to increase from three to eight the number of opinions he intends to offer at trial. As with Buchanan, Plaintiffs argue that they were surprised by the third and fourth supplemental reports from Taiwo, that this surprise cannot be cured by additional discovery, that allowing him to testify at trial would disrupt the as-yet-unscheduled trial, that his new opinions are not that important to Defendant's case, and finally, that Defendant has failed to provide substantial justification for its untimely disclosures.

Defendant cannot, and does not, deny that the objected-to supplemental disclosures regarding Buchanan and Taiwo were significantly untimely. Instead, it offers elaborate rationalizations why it was substantially justified in making untimely disclosures. Defendant points out that it had to wait to receive a response from the Maryland Department of the Environment to obtain data to support Taiwo's opinions; it asserts that Plaintiffs were late in providing their discovery responses, which affected the timeliness of Defendant's expert disclosures; and it claims that, because its counsel was unfamiliar with food safety experts, it took Defense counsel a long time to locate Buchanan (although this excuse is hard to take seriously given the skill and experience of Defense counsel). Finally, Defendant claims that Plaintiffs themselves belatedly designated four new experts in August 2010, long after their December 9, 2010 deadline for doing so. What Defendant does not say, however, is why it never sought to extend the expert disclosure/supplementation deadlines, or why, when it knew that Plaintiffs objected to its late disclosures and supplementation, it

did not file a motion with the Court to obtain an extension. Rather, it appears as though Defendant treated these deadlines quite casually, expecting that as long as it completed its disclosure obligations before the ultimate discovery deadline on October 1, 2010, it would be alright.

In addition, Defendant argues that Plaintiffs really were not surprised by its tardy disclosures/supplements; that even if they were surprised, the surprise may be cured by additional discovery; that the subject of Buchanan's and Taiwo's supplemental opinions is vital to Defendant's defense at trial; and that Plaintiffs already have deposed Taiwo fully and could have deposed Buchanan before the October 1, 2010 discovery cutoff, but chose instead to wait for the deadline to pass to try to obtain a tactical advantage by filing a motion to strike their testimony at trial.

The genesis of this dispute is the casual, if not cavalier, manner in which the Defendant (and possibly also the Plaintiffs, if they belatedly designated four experts as claimed) treated the deadlines regarding expert discovery/disclosures. It is hard to fathom why, with four consent modifications to the pretrial schedule, counsel failed to address the Rule 26(a)(2) and 26(e) expert disclosure and supplementation deadlines or to seek a Court resolution when the difficulties first presented themselves. Instead, this dispute was initiated after discovery was over, when the Court is at the dispositive motions stage. It places the Court in the untenable position of either having to reopen discovery to allow the Plaintiffs to conduct additional expert discovery and file rebuttal submissions, or else strike as untimely significant opinion testimony by Defendant's experts on subjects that may be important to determining liability and damages. Courts issue scheduling orders specifically to avoid such dilemmas, and they are intended to be taken seriously. *See Hare v. Opryland Hospitality, LLC,* No. DKC–09–599, 2010 WL 3719915, at *3 (D.Md. 2010) ("[A] court's scheduling order ' "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." ' ") (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md.1999)) (quoting *Gestet-*

*ner v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985)); *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987) (same); *see also* Fed.R.Civ.P. 16(b)(1), (3)(A) (requiring scheduling order that "limit(s) the time to join other parties, amend the pleadings, complete discovery, and file motions"); 16(b)(4) (permitting a scheduling order to "be modified *only* for good cause *and* with the judge's consent") (emphasis added); Fed.R.Civ.P. 16 advisory committee's note to 1983 amend. to subdiv. (b) (stating that "Rule 16(b) assures that the judge will take some early control over the litigation" and that "[T]he fixing of time limits serves 'to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.' ") (quoting Report of the National Commission for the Review of Antitrust Laws and Procedures 28 (1979)).

In my mind, the dispositive question is whether the surprise, prejudice or harm that Plaintiffs' claim they have suffered can be remedied, without derailing the court's effort to achieve a just and timely resolution of this case. Given that the trial has not yet been scheduled, and that affording the Plaintiffs the opportunity to have additional discovery of Buchanan's and Taiwo's supplemental opinions is an available option, however unsatisfactory it is to—yet again—extend discovery, it is clear to me, under the factors articulated in *Southern States,* 318 F.3d 592, that is the appropriate thing to do. *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 192 F.R.D. 511, 512–13 (D.Md.2000) (quoting previous order of Judge Smalkin in the case, in which he overruled objections to magistrate judge's order amending scheduling order and "noted that '[a]lthough adherence to scheduling orders is important, it is more important that a party not suffer on account of an attorney's inattention, at least where there is no prejudice to the other side that cannot be cured. In this case, there is no such lasting prejudice.' ").

Accordingly, Plaintiffs' motion is DENIED. I order that within twenty-one (21)

days (unless otherwise agreed by counsel or ordered by the Court), Plaintiffs may conduct additional depositions of Taiwo and Buchanan regarding their supplemental opinions. These depositions should be done by telephone or video conferencing to avoid the cost and scheduling difficulties of conducting depositions at year end, involving counsel and witnesses located in different states. Within fourteen (14) days after completion of each deposition, Plaintiffs will file supplemental rebuttal disclosures that will fully comply with Rule 26(a)(2).[1]

Because I find that this dispute predominantly was caused by Defendant's disregard of the scheduling order, Defendant will not be permitted to conduct any further discovery of Plaintiffs' experts regarding their final rebuttal submissions. If Plaintiffs fulfill their obligation to provide rebuttal reports that fully comply with Rule 26(a)(2), then Defendant will have sufficient information to be able to cross examine Plaintiffs' witnesses. *See* Fed.R.Civ.P. 26 advisory committee's note to 1993 amend. to subdiv. (a)(2) (explaining that "the report … is intended to set forth the substance of the direct examination" to prevent "sketchy and vague" disclosures about the substance of expert testimony, and that "in many cases the report may eliminate the need for a deposition"). And, Plaintiffs have an incentive to do so, as I am recommending that Judge Nickerson preclude their rebuttal experts from expressing any opinion at trial that is not properly designated and supported in accordance with Rule 26(a)(2). Moreover, I am recommending that the existing dispositive motions deadline not be modified, and that the parties not be permitted to supplement their filings as a result of any of the additional discovery/disclosures that I have ordered herein. Finally, each party shall bear its own costs associated with the filing of the pending motion.

So ordered.

1.  If Plaintiffs contend that they need to designate a new expert instead of filing a supplemental rebuttal report by their existing experts, they may do so within the same time deadlines. If they do, however, they must submit a fully compliant Rule 26(a)(2) report.