### In re AIR CRASH DISASTER AT DETROIT METROPOLITAN AIRPORT ON AUGUST 16, 1987.

### MDL No. 742.

United States District Court, E.D. Michigan, S.D.

May 9, 1989.

See also, D.C., 674 F.Supp. 27.

---

10. Northwest's Consolidated Opposition Response Brief, February 14, 1989 (Pl. 402), at 4.

Charles Brewer, Phoenix, Ariz., Stanley Chesley, Cincinnati, Ohio, Lee Kreindler, New York City, Gerald Lear, Thomas Meehan, Washington, D.C., Richard Schaden, Birmingham, Mich., for plaintiffs' Steering Committee.

Carroll E. Dubuc, Laxalt, Washington, Perito and Dubuc, Washington, D.C., for defendant, Northwest Airlines.

John J. Hennelly, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., Donald E. Shely, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant, McDonnell Douglas.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On April 10, 1989, Northwest Airlines, Inc. (Northwest) filed a motion to modify Practice and Procedure Order Number 2 in order that it might presently serve several contention interrogatories relating to factual liability upon the Plaintiffs' Steering Committee (PSC). On April 24, 1989, the PSC filed an opposition to Northwest's motion. For the following reasons, Northwest's motion is denied.

Section VIII, Paragraph 24 of Practice and Procedure Order Number 2 required the Defendants to serve their interrogatories regarding liability discovery upon the person or entity on or before September 1, 1988. Northwest did not serve the interrogatories at issue prior to the September 1st deadline. Nevertheless, it now moves this Court for leave to serve the interrogatories on the PSC, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

Rule 16(b) provides that a court may modify a scheduling order "upon a showing of good cause." In *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987), the Court noted that "[a]s explained in the Notes of the Advisory Committee on Rules, the party seeking to file the untimely [pleading] must demonstrate 'good cause' why the timetable 'cannot reasonably be met *despite the diligence of the party seeking the extension.*' (emphasis added)."

In support of its motion, Northwest acknowledges that it did not serve the subject interrogatories before the established deadline because "such interrogatories would have been premature at that early stage of the liability discovery." In addition, Northwest claims that the PSC should respond to their proposed interrogatories because the answers may: "(1) reduce areas of disagreement between the parties; (2) eliminate complex and technical testimony from expert witnesses; (3) result in a shortening of the trial; (4) and conserve judicial resources."

In opposition, the PSC maintains that Northwest's discovery request is unduly burdensome and duplicative of the previously completed discovery and the current ongoing expert liability discovery. In reply, Northwest noted that "in light of the PSC's objections and the progress of expert depositions to date, [it] is willing to waive those portions of the interrogatories objected to by the PSC which request identification of experts or their opinions."

This Court recognizes that the Advisory Committee was wary of incorporating too stringent a standard that would be necessary in order to justify an extension of dates in a scheduling order into Rule 16(b). This is made evident based on the following passage from the Notes of the Advisory Committee:

[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

However, despite the rather low standard that has been imposed by Rule 16(b) in connection with a request for an extension, Northwest has failed to articulate why it could not have served the interrogatories, which are the subject of the instant

motion, in a timely and diligent manner during the pretrial stage of this litigation. It is not sufficient to contend in a conclusory manner that Northwest could not have filed these interrogatories at an earlier time because such "interrogatories would have been premature on September 1, 1988, as the result of changes in circumstances (including the requirement of more time than originally anticipated for depositions, difficulty in obtaining documents prior to depositions, etc.) subsequent to the entry of Practice and Procedure Order No. 2."

This reasoning is conclusory and not persuasive. Moreover, Northwest's argument does not inform the Court of the precise reasons why it would have been premature to serve the interrogatories prior to September 1, 1989. In addition, Northwest has offered no reasons why it needed over seven months subsequent to the deadline for serving interrogatories of this nature before it could prepare and serve these questions to the PSC.

Finally, this Court finds Northwest's contention (to wit, that answers to the contention interrogatories will narrow the issues for trial) to be insufficient. While contention interrogatories frequently sharpen the issues for trial, this does not in itself merit an extension of discovery deadlines in the scheduling order. Furthermore, reliance upon a theory of narrowing the issues in support of an extension under Rule 16(b) does not explain why the discovery could not have been timely served despite the diligence of the counsel for Northwest.

For the foregoing reasons, this Court denies Northwest's motion to modify Practice and Procedure Order Number 2.

IT IS SO ORDERED.