**Zack PFEIFFER, Plaintiff,**

**v.**

**EAGLE MANUFACTURING COMPANY
and Dresser Industries, Inc.,
Defendants.**

**Civ. A. No. 89–2359–O.**

United States District Court,
D. Kansas.

June 25, 1991.

attorney's fees to the prevailing party. *See*  K.S.A. 50–634(e).

Gerald L. Green, Gilliand & Hayes, P.A., Hutchinson, Kan., Brian J. Niceswanger, McDowell, Rice & Smith, Chartered, Kansas City, Mo., for Zack and Joann Pfeiffer.

Bruce Keplinger, Payne & Jones, Chartered, Overland Park, Kan., for Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Resser Industries Inc.

Barbara J. Miller, Olathe Area SRS Office, Olathe, Kan., for State of Kan. Dept. of Social Rehabilitation Services.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on the motion of plaintiff Zack Pfeiffer (hereinafter "Pfeiffer") for a protective order quashing the notice of defendant Eagle Manufacturing Company (hereinafter "Eagle Manufacturing") to depose Paul Crowley (hereinafter "Crowley") on July 15, 1991, in Norwood, Massachusetts. Crowley is an engineer. Defendant plans to elicit testimony from Crowley as to testing and standards applicable to a gasoline can that plaintiff claims is defective and unreasonably dangerous. Since the deadline for identifying expert witnesses expired over eight months ago and discovery has been closed for almost five months, plaintiff asserts that it would be patently unfair and prejudicial to permit the deposition of Crowley at this late date. We disagree. For the reasons stated below, plaintiff's motion for a protective order will be denied by the court.

Rule 26(c) provides that any party to an action, or any person to be examined, may move for a protective order. Fed. R.Civ.P. 26(c).[1] All motions for protective orders must be supported by "good cause," and a strong showing is required before a party will be denied the right to take a deposition. 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 26.69 (2d ed.1989).[2] "Good cause," within the meaning of Rule 26(c), contemplates a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 2201 n. 16, 68 L.Ed.2d 693 (1981) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2035 (1970)); *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *see also White v. Wirtz,* 402 F.2d 145, 148 (10th Cir.1968) (trial court may in its discretion deny motion for protective order if written objections not plain and specific).

Pfeiffer moves for a protective order quashing the notice of Eagle Manufacturing to depose Paul Crowley.[3] Eagle Manufacturing advised plaintiff on April 24, 1991, that it intended to take the deposition of Crowley on May 10, 1991. Eagle Manufacturing subsequently served notice to take the deposition of Crowley on July 15, 1991, in Norwood, Massachusetts. Crowley is an engineer at Factory Mutual Laboratories. Eagle Manufacturing originally claimed that Crowley possessed knowledge of the standards and testing of Factory Mutual as to the gasoline cans manufactured by defendant. Defense counsel reported later that Crowley is not familiar

---

1. Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

    **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

2. *See, e.g., Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir.1985) (party from whom discovery is sought has burden of showing "good

cause" for protective order), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986); *Am. Benefit Life Ins. Co. v. Ille,* 87 F.R.D. 540, 543 (W.D.Okla.1978) (movant has burden of showing "good cause" for protective order).

3. Defendant Eagle Manufacturing designs and produces five-gallon gasoline cans, which Pfeiffer alleges sprayed gasoline and exploded at a construction site in Wyandotte County, Kansas, severely burning plaintiff.

with the testing of the can manufactured by Eagle.[4]

On February 22, 1990, the court entered a discovery scheduling order. Defendants were directed by the court to identify their expert liability witnesses on or before August 1, 1990, pursuant to the provisions of Fed.R.Civ.P. 26(b)(4)(A).[5] The court also ordered the parties to complete discovery on or before December 1, 1990. The court's scheduling order was amended on November 14, 1990. The defendants' deadlines for identifying expert witnesses and completing discovery were extended by two full months to February 1, 1991.[6]

Pfeiffer claims that he should not be required to travel to Massachusetts because defendants failed to comply with the court's scheduling orders by identifying Crowley as a fact witness who had information concerning the case, or as an expert witness who had technical knowledge of the design and manufacture of the product in question. Eagle Manufacturing contends that it should be permitted to depose Crowley. Defendant asserts its witness list stating that "[r]epresentative(s) of Factory Mutual ... will testify concerning the conformance of standards" sufficiently identified Crowley. In addition, Eagle Manufacturing insists that it is entitled to depose Crowley and use the deposition at trial pursuant to Rule 32(a)(3)(B) of the Federal Rules of Civil Procedure.

The purpose of a scheduling order is to encourage careful pretrial management. 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1522.1 (1990).[7] The issuance of scheduling orders is governed by Rule 16 of the Rules of Civil Procedure. The drafters of Rule 16 contemplated that the court's scheduling orders would "control the subsequent course of the action." *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990) (quoting Fed.R.Civ.P. 16 Advisory Committee Note to 1983 Amendment).[8]

Rule 16(b)(3) provides, in pertinent part, that a Magistrate Judge when authorized by the district court "shall, after consulting with the attorneys for the parties ... by a scheduling conference ..., enter a scheduling order that limits the time ... to complete discovery." Fed.R.Civ.P. 16(b)(3).[9] By fixing time limits, the court's scheduling order serves to

> stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

4. *See* Letter from Bruce Keplinger to Brian Niceswanger (June 20, 1991) (discussing Crowley's knowledge of Eagle Manufacturing gasoline can).

5. Rule 26(b)(4)(A)(i) of the Federal Rules of Civil Procedure provides as follows:
    A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Fed.R.Civ.P. 26(b)(4)(A)(i).

6. At the request of Eagle Manufacturing, an extension of discovery was again granted for the limited purpose of deposing plaintiff's spouse.

7. The district court is vested with "broad discretion to preserve the integrity and purpose of the

pretrial order." *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990) (quoting *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979)).

8. Rule 16(b) was revised in 1983 "to give the district court more responsibility with respect to, and greater hegemony over, the scheduling and planning of discovery." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1012 n. 3 (1st Cir.1988). The district court's decision to exclude evidence as a means of enforcing a scheduling order "must not be disturbed" absent a clear abuse of discretion. *Geiserman v. MacDonald, supra,* 893 F.2d at 790–91 (citing *Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir.1971)).

9. The local rules for the District of Kansas empowers resident Magistrate Judges with authority to hold pretrial conferences and issue pretrial orders "as are provided by the provisions of Fed.R.Civ.P. 16(b)." Local Rule 207.

Fed.R.Civ.P. 16 Advisory Committee Note (quoting Report of the National Commission for the Review of Antitrust Laws and Procedures 28 (1979)).

The order and the timetable established by the order are binding. 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure, supra,* at § 1522.1; 3 J. Moore, *Moore's Federal Practice* ¶ 16.07 (1991).[10] Rule 16(b) specifically provides that the scheduling order can be modified only upon a showing of good cause. Fed.R.Civ.P. 16(b); *see also In re Air Crash Disaster,* 130 F.R.D. 632, 633 (E.D.Mich.1989); *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987). This would require the party seeking relief to show that the deadline cannot reasonably be met despite the diligence of the party needing the extension. *See Anderson v. United Auto Workers,* 1990 WL 58592, No. 89–2271–O, slip op. at 2 n. 2 (Apr. 30, 1990) (citing Fed.R.Civ.P. 16 Advisory Committee Note to 1983 Amendment).

■ Eagle Manufacturing would typically be required to call Crowley at trial and present his oral testimony, but under Rule 32(a)(3)(B), the use of an evidentiary deposition is appropriate where "the witness is at a greater distance than 100 miles from the place of trial or hearing." *See, e.g., Lear v. Equitable Life Assurance Soc'y,* 798 F.2d 1128, 1135 (8th Cir.1986) (deposition of witness who lived more than 100 miles from place of trial in another state was properly admitted under Rule 32(a)(3)(B)), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1001 (1987); *Alfonso v. Lund,* 783 F.2d 958, 961 (10th Cir.1986) (deposition of doctor who was out of country at time of trial was properly admitted under Rule 32(a)(3)(B)); *cf. In re Air Crash Disaster at Stapleton Int'l Airport,* 720 F.Supp. 1493, 1501–03 (D.Colo.1989) (trial court denied plaintiffs' request to admit deposition testimony of expert who resided more than 100 miles from place of trial because witness' testimony was not relevant). Here, the witness resides in Massachusetts. Further, it is the policy of Crowley's employer, Factory Mutual, to prohibit its employees from testifying at trial. Under these circumstances, the court is of the opinion that the use of an evidentiary deposition is appropriate.

■ While the deadlines set forth in the scheduling order could reasonably have been met if defense counsel had exercised due diligence,[11] we believe justice requires that defendant have the opportunity to depose Crowley and present his testimony at trial. Contrary to the assertion of plaintiff's counsel, this case is not on the "eve of trial." A trial date has not been scheduled and the pretrial order has not even been entered by the court. There is no indication that Pfeiffer has suffered any prejudice as a result of neglect on the part of defendant. Plaintiff's motion for a protective order will be denied and defendant's witness list will be amended to include Crowley. Eagle Manufacturing will be required, however, to pay the cost of travel

---

**10.** *See also Grant v. Brandt,* 796 F.2d 351, 355 (10th Cir.1986) (trial court properly refused to admit deposition of plaintiff's expert, on ground that he was not listed in pretrial order); *Blue v. Rose,* 786 F.2d 349, 351 (8th Cir.1986) (district court did not abuse discretion in refusing to permit testimony of defendants' expert who was not listed in pretrial order).

**11.** Eagle Manufacturing obviously did not establish discovery priorities and "perform the most important work first." Plaintiff repeatedly requested information in the form of interrogatories and requests for production of documents as to any testing or inspection of Eagle Manufacturing's gasoline can. Moreover, plaintiff served interrogatories in 1989 on defendant, specifically inquiring as to the identity of trial experts. A party has an obligation to respond fully and completely to interrogatories, and to supplement preliminary interrogatory responses in the event that additional information comes into the possession of the party during the course of litigation. Fed.R.Civ.P. 26(e); *Smith v. Ford Motor Co.,* 626 F.2d 784, 795 (10th Cir. 1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). A defendant is precluded from introducing testimony on a matter covered by interrogatories where the defendant has failed to fully respond to interrogatories. *Cage v. N.Y. Cent. R.R. Co.,* 276 F.Supp. 778, 786–87 (W.D.Pa.), *aff'd,* 386 F.2d 998 (3d Cir.1967). Crowley's contemplated testimony falls squarely within the scope of discovery and his name should have been submitted to plaintiff pursuant to the court's scheduling orders.

**356**

and attorney fees for plaintiff's counsel to attend Crowley's deposition.

IT IS THEREFORE ORDERED that the motion of plaintiff Zack Pfeiffer for a protective order quashing the notice of defendant Eagle Manufacturing Company to depose Paul Crowley (Doc. No. 96) is denied.

IT IS FURTHER ORDERED that the witness list of defendant Eagle Manufacturing Company (Doc. No. 57) is amended to include Paul Crowley.

IT IS FURTHER ORDERED that defendant Eagle Manufacturing Company pay the cost of travel and attorney fees of plaintiff's counsel for the deposition of Crowley.