Margaret Mary THORN, Plaintiff,

v.

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida Corporation, Defendant.**

No. 3:98–CV–608–J–20A.

United States District Court,
M.D. Florida,
Jacksonville Division.

March 17, 2000.

---

Archibald J. Thomas, III, Philip Daniel Williams, Archibald J. Thomas, III, P.A., Jacksonville, FL, for Margaret Mary Thorn.

Patrick Daniel Coleman, Heather A. Owen, Coffman, Coleman, Andrews & Grogan, P.A., Jacksonville, FL, for Blue Cross and Blue Shield of Florida, Inc.

### ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion For Leave to Amend Affirmative Defenses (Doc. # 24; Motion), filed on February 4, 2000. Plaintiff's Response to Defendant's Motion For Leave to Amend (Doc. # 25; Opposition) was filed on February 18, 2000.

Plaintiff states she began working for Defendant in October 1990 as a computer operator. *See* Complaint (Doc. # 1), filed on June 23, 1998, ¶¶ 8, 10. While employed, her supervisor sexually harassed her. *See id.* ¶ 11. After filing a grievance with her employer, she received unfair treatment, and ultimately was terminated. *See id.* ¶¶ 12–13. Subsequent to making a claim with the Equal Employment Opportunity Commission, Ms. Thorn commenced this action alleging employment discrimination. *See id.* ¶ 7.

Blue Cross and Blue Shield of Florida, Inc. asserts that, in a previous proceeding, in which defense counsel was not involved, Plaintiff's claim for unemployment compensation was denied. *See* Motion ¶ 2, 4. Thereafter, the Florida First District Court of Appeal affirmed the decision in June 1997. *See id.* ¶ 3.

Defendant's Answer and Affirmative and Other Defenses (Doc. # 4; Answer) was filed on October 30, 1998. Motions to amend pleadings filed after the Case Management and Scheduling Order (Doc. # 6; CMSO), filed on February 2, 1999, are disfavored. *See* CMSO ¶ 3. Nonetheless, referring to the decision in the previous proceeding for unemployment compensation, Defendant seeks to add the defense of collateral estoppel to its Answer in this action. *See* Motion at 5, 6.

Rule 16(b), Federal Rules of Civil Procedure (Rule(s)), governs motions for leave to amend filed beyond the time prescribed by a scheduling order. *See Tampa Bay Storm, Inc. v. Arena Football League, Inc.,* No. 96–29–CIV–T–17C, 1998 WL 182418, at *1 (M.D.Fla. Mar.19, 1998) (citing *Payne v. Ryder Sys., Inc.,* 173 F.R.D. 537, 540 (M.D.Fla.1997)). Rule 16(b) requires a showing of good cause to deviate from the deadline set in the scheduling order. In demonstrating good cause, the moving party must establish that the "scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C. 1997); *see also Denmon v. Runyon,* 151 F.R.D. 404, 407 (D.Kan.1993) (citing *Pfeiffer v. Eagle Mfg. Co.,* 137 F.R.D. 352, 355 (D.Kan.1991)).

Once good cause is shown, the court may consider whether leave should be grant-

ed under Rule 15. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam). In determining whether to grant or deny a motion to amend under Rule 15, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Technical Resource Servs. v. Dornier Med. Sys.*, 134 F.3d 1458, 1463 (11th Cir.1998).

■ In the present case, Defendant has failed to demonstrate good cause for the proposed amendment. Blue Cross and Blue Shield acknowledges it obtained copies of the briefs and the transcript for the unemployment compensation hearing "[o]n or after April 1, 1999." Motion ¶ 9. However, Defendant contends it "needed to obtain factual information from the Plaintiff to determine if there was support for the defense of estoppel." *Id.* ¶ 10. The Court cannot fully credit this argument because, although defense counsel was not involved in the previous action, Blue Cross and Blue Shield, as a party to the unemployment compensation proceeding, had full knowledge of what previously transpired. Furthermore, a review of the hearing transcript in April 1999 should have been sufficient for a decision as to whether or not to raise the collateral estoppel defense.[1] Instead, Defendant waited until February 4, 2000, over ten months after receiving the transcript and over four months after Plaintiff's deposition, *see id.* ¶ 11, to bring its motion to amend.[2]

Accordingly, the Motion (Doc. # 24) is DENIED.

---

1. The collateral estoppel issue was first raised in Defendant Blue Cross and Blue Shield of Florida, Inc.'s Memorandum of Law in Support of Motion for Summary Judgment (Doc. # 10), filed on December 17, 1999, at 24.

2. While not reaching the factors for consideration under the Rule 15 standard, the Court notes amendment of the pleadings at this point in the litigation would cause prejudice to the Plaintiff as discovery closed on November 1, 1999. *See* Case Management Report (Doc. # 5), filed on January 25, 1999, at 3, 5; *see also* Opposition at 6.