EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

EXEL INCORPORATED, Defendant.

Civil Action No. 1:07–CV–2177–TWT/AJB.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 10, 2008.

David R. Kresser of Fisher & Phillips in Atlanta, GA, for defendant.

Suzanne J. Carelli and Robert K. Dawkins with the EEOC in Atlanta, GA, for plaintiff.

## ORDER [1]

ALAN J. BAVERMAN, United States Magistrate Judge.

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion For Leave to Amend the Pleadings. [Doc. 21]. Defendant

---

1. The weight of authority holds that motions to amend pleadings are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court under the "clearly erroneous standard." *See e.g. Home Management Solutions, Inc. v. Prescient, Inc.,* No. 07–20608–CIV, 2007 WL 2412834, *1 (S.D.Fla. Aug.21, 2007) ("It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order unless they have a dispositive effect."); *Agan v. Katzman & Korr, P.A.,* 328 F.Supp.2d 1363, 1365 n. 1 (S.D.Fla. 2004) (citing *Wingerter v. Chester Quarry Co.,* 185 F.3d 657 (7th Cir.1999)); *Professional Food Equipment, Ltd. v. Hobart Corp.,* No. 97–1449–Civ–J–20A, 1999 WL 1044231, at *2 (M.D.Fla. Mar.19, 1999); *see also Pagano v. Frank,* 983 F.2d 343, 346 (1st Cir.1993); *Stetz v. Reeher Enters., Inc.,* 70 F.Supp.2d 119, 120 (N.D.N.Y. 1999).

Exel, Inc., opposes the motion. [Doc. 22]. For the reasons set forth below, Plaintiff's motion is **DENIED.**

### Background and Procedural History

On September 7, 2007, Plaintiff filed a Complaint asserting a retaliation claim in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* [Doc. 1]. Specifically, Plaintiff alleged that Defendant terminated Darius Baugh's employment in retaliation for his filing a Charge of Discrimination with the EEOC on January 4, 2006. [*Id.*]. Defendant timely answered the Complaint. [Doc. 2].

On December 14, 2007, the Court issued a scheduling order requiring any amendments to the complaint to be filed by January 3, 2008, and setting the discovery deadline as April 7, 2008.[2] [Doc. 7]. Plaintiff filed its motion to amend on May 15, 2008. [Doc. 21]. Defendant filed its response on June 2, 2008. [Doc. 22]. Plaintiff filed its reply, which included its proposed amended complaint, on June 13, 2008. [Doc. 29]. With briefing completed, the Court now turns to the merits of the motion.

### The Parties' Contentions

Plaintiff moves to amend its complaint pursuant to FED.R.CIV.P. 15(a). It seeks to add a new claim of retaliation based on other protected activity. [Doc. 21 at 4]. Specifically, Plaintiff seeks to add retaliation claims related to Baugh's verbal complaints of sexual harassment to Defendant's supervisors between August 2005 and January 2006, when Baugh was terminated. [*Id.* at 5–6].

Plaintiff argues that it should be allowed to amend its complaint "to conform to the evidence." [*Id.* at 4]. In addition, Plaintiff argues the additional claims were already covered at Baugh's deposition, that Defendant will not be prejudiced because discovery is still ongoing, and that Plaintiff will consent to an additional extension if Defendant "feels that the current deadline will prejudice its

efforts to conduct discovery on the opposition claim." [*Id.* at 4].

Defendant objects, first arguing that Plaintiff cites to the wrong procedural rule to support its amendment argument. [Doc. 22 at 7]. Defendant argues that, because the motion is untimely, FED.R.CIV.P. 16 applies, which requires a showing of "good cause," rather than FED.R.CIV.P. 15, which states that "leave shall be freely given." [*Id.*]. Defendant argues Plaintiff cannot meet this standard because the facts that support the amendment were known to Plaintiff two years before it filed its motion to amend. [*Id.*]. Moreover, Excel argues that the evidence Plaintiff relies upon to support its motion is not supported by the record in that it does not conform to the testimony/evidence submitted, [*id.* at 12], and that Plaintiff is only seeking to amend because Plaintiff "understands it cannot win the case it pled." [*Id.* at 14]. Defendant also argues that it will be prejudiced if Plaintiff is allowed to amend because the all discovery thus far has been directed at the participation clause retaliation claim. [*Id.* at 15–17].

In its reply, Plaintiff responds that Defendant incorrectly argues that *only* FED. R.CIV.P. 16 applies, when in fact, *both* FED. R.CIV.P. 15 and 16 apply. [Doc. 29 at 2]. Plaintiff also argues that it can show good cause because it "has exercised diligence in discovery and filing its motion when information supporting the amended pleadings was revealed during discovery." [*Id.*]. Plaintiff further argues that its motion should be granted under FED.R.CIV.P. 15 because Defendant cannot establish prejudice, its pleadings withstand the futility standard and Defendant's assertion of undisputed facts are premature. [*Id.* at 12–15].

### Discussion

■■■■ Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires." FED.R.CIV.P. 15(a).[3]

---

**2.** The discovery deadline has been extended twice. [See Dkt. entries dated 03/18/ 2008 and 06/3/2008]. Discovery is now stayed pending the ruling on this motion. [Dkt. entry 08/12/2008].

**3.** The Court initially observes that the EEOC did not file its proposed amendment along with its motion to amend. Instead, Plaintiff only Filed

the proposed amended complaint with its reply to Defendant's objection. [Doc. 29, Exh. D].

Federal Rule of Civil Procedure 7provides, in material part that a request for a court order must be made by motion and "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). "The particularity requirement of Rule 7(b) is met by submitting a pro-

While a court has discretion to deny a proposed amendment, it must provide a substantial reason for such a denial, because "Rule 15(a) severely restricts the district court's freedom." *Shipner v. Eastern Air Lines,* 868 F.2d 401, 407 (11th Cir.1989) (noting that policy embodied in Federal Rules of Civil Procedure favors liberally permitting amendments). There are certain factors enumerated by both the Supreme Court and the Eleventh Circuit which justify denial of a motion for leave to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir.2001).

■ However, when a motion to amend is filed after a court has issued its scheduling order, as in this case, the movant first must demonstrate good cause under Rule 16(b) before the Court considers the amendment's propriety under Rule 15(a). *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 n. 2, 1419 (11th Cir.1998); *Wolf Designs, Inc. v. DHR & Co.,* 231 F.R.D. 430, 436 (N.D.Ga.2005); *Datastrip Intern. Ltd. v. Intacta Tech., Inc.,* 253 F.Supp.2d 1308, 1317 (N.D.Ga.2003) ("Courts evaluating motions to amend ... must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 ....") (citing *Sosa,* 133 F.3d at 1419). To do otherwise "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa,* 133 F.3d at 1419. Specifically, Rule 16 requires courts to enter a scheduling order that "limit[s] the time ... to amend the pleadings ... and file motions." FED.R.CIV.P. 16(b)(1), (3)(A) (eff. Dec. 1, 2007). The scheduling order "may be modified only for good cause and with the judge's consent." FED.R.CIV.P. 16(b)(4). "The good cause standard precludes modification of the

court's scheduling order unless the schedule cannot 'be met despite the diligence of the party seeking ₍the extension.'" *Sosa,* 133 F.3d at 1418 (quoting FED.R.CIV.P. 16 advisory committee's note); *see also Lord v. Fairway Elec. Corp.,* 223 F.Supp.2d 1270, 1278 (M.D.Fla.2002) ("Absent a showing of diligence on the part of a party seeking to extend deadlines contained in the scheduling order, the court-ordered schedule should not be disturbed."). "If a party was not diligent, the good cause inquiry should end." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) (cited with approval by *Sosa,* 133 F.3d at 1418).

Here, Plaintiff's motion and initial brief did not address the relief requested in terms of Rule 16. [*See generally* Doc. 21]. In its reply to Defendant's opposition brief, Plaintiff argues that it exercised due diligence in discovery and in prosecuting its case. In support, Plaintiff argues that during the original discovery period, the parties exchanged written discovery and Baugh's deposition went forward in early March 2008. [Doc. 29 at 2]. Discovery then was extended to June 10, 2008, due to defense counsel's previously scheduled trip for "most of March and the beginning of April" and the defense witnesses' lack of availability. [*Id.* at 2–3]. The defense witnesses' deposition were then scheduled for late April 2008, but postponed due to settlement negotiations, which were ultimately unsuccessful. [*Id.* at 3]. These witnesses could not be made available again until after the June 10, 2008, discovery deadline. [*Id.* at 4]. These witnesses were scheduled to be deposed June 23, 2008. [*Id.*]. Thus, Plaintiff argues it has diligently pursued its claims.

Plaintiff argues that it should be permitted to amend its complaint based on evidence adduced during Baugh's March 7, 2008, deposition testimony, that is, that he testified as to "additional un-pled protected activity" in that he complained about sexual harassment

---

posed amendment with the motion for leave to amend the complaint." *Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir.1983) (cited with approval in *Long v. Satz,* 181 F.3d 1275, 1280 (11th Cir. 1999)).

In this case, Plaintiff submitted the proposed amended complaint after Defendant filed its re-

sponse. However, Defendant has not argued that it was prejudiced by Plaintiff's initial failure to follow the rules, nor does the Court perceive any prejudice. The Court, therefore, will not deny Plaintiff's motion to amend on the basis that it failed to contemporaneously file the proposed amended complaint.

to his supervisors between August 2005 and January 2006. [Doc. 21 at 4–5]. However, Plaintiff did not file its motion to amend until May 15, 2008, over two months after Baugh's deposition.

When assessing whether or not the moving party had been diligent, the *Sosa* Court analyzed when the information leading to the proposed amendment had become available, as well as how promptly the plaintiff had moved to amend the complaint after the discovery of any new evidence. *See Sosa*, 133 F.3d at 1419; *see also Nobles v. Rural Cmty. Ins. Svcs.*, 303 F.Supp.2d 1279, 1284 (M.D.Ala.2004) (finding good cause for amending scheduling order had been met when the moving party had diligently sought discovery leading to proposed amendment); *Lord*, 223 F.Supp.2d at 1277 (observing that the *Sosa* Court affirmed denial of motion to amend because "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment.").

Here, the Court finds that an over two month delay between the time Baugh's deposition was taken and the motion to amend was filed does not show "good cause." *Smith v. BCE Inc.*, No. Civ.A. SA04CV0303XR, 2005 WL 1593386, * 2 (W.D.Tex. June 10, 2005) (good cause not shown where amendment requested two months after plaintiff obtained relevant documents); *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 310 (M.D.Fla.2000) (good cause not shown when plaintiff waiting four months after deposition to file motion to amend). *But see Permatex, Inc. v. Loctite Corp.*, No. 03 Civ. 943 LAK GWG, 2004 WL 1354253, *3 (S.D.N.Y. June 17, 2004) (where defendant first learned of facts supporting counterclaim a deposition and moved to amend answer less than two months later, defendant acted diligently and with good faith). First, there is some evidence that Plaintiff was aware (or should have been aware) of the facts underlying its proposed amended claims in January 2006, when Baugh filed his first charge of discrimination with Plaintiff. In that charge, Baugh stated as follows:

I.   ... Since 8/2005 I have been subjected to a hostile work environment, due to my sex, by a male co-worker. This has included comments and touching of a sexual nature. *I have complained multiple times to the managers of the company of the hostile environment but nothing has been done to correct the situation.*

II.  After again complaining of the hostile environment, this time to the General Manager, on 12/30/05, I was sent home.

III. I believe that I have been discriminated and retaliated against because of my sex in violation of Title VII of the Civil Rights Act.

[Doc. 22–2 at 11] (emphasis supplied). Baugh's report that he previously complained about harassment reasonably would have given rise to further investigation and inquiry as to the results of those complaints. *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir.2004) (Subsequently filed judicial complaints are limited by the scope of the administrative investigation that can "reasonably be expected to grow out of the charge of discrimination." (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir.2000)) (internal quotation marks omitted).

Even assuming Plaintiff did not have notice of the opposition clause claims until Baugh's March 7, 2008 deposition, immediately upon receipt of Baugh's deposition transcript in early April 2008, a reasonably diligent plaintiff would have acted with more speed in determining if the complaint should be amended to add a new claim, particularly since Plaintiff's counsel attended Baugh's deposition and heard the testimony. Instead, Plaintiff waited over a month after receipt of the deposition transcript to file the motion to amend. This delay does not satisfy the diligence required to establish good cause to modify a Rule 16 scheduling order, particularly since the time to file an amendment as required by the scheduling order already had expired.

As a result, the Court concludes that Plaintiff has not shown good cause under Rule 16. *See Johnson*, 975 F.2d at 609 ("[C]areless-

ness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16); *Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 560 (S.D.Cal.1999) (failure to diligently act upon information obtained from opposing party during discovery does not constitute good cause); *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 448 (W.D.N.Y.1997) (" 'inadvertence' or oversight is not good cause for purposes of Rule 16(b)"); *Tschantz v. McCann,* 160 F.R.D. 568, 572 (N.D.Ind. 1995) (failure to pay attention to discovery received does not constitute good cause).

Plaintiff also relies on the lack of prejudice to Defendant as grounds for allowing the amendment. [Doc. 22 at 6–7; Doc. 29 at 10–12]. However, "the Rule 16 inquiry does not turn on issues of prejudice." *Smith v. West Facilities Corp.,* No. Civ. 05–0429WSC, 2006 WL 898134, at *4 (S.D.Ala. April 5, 2006). "The issue is the integrity of the court's scheduling orders and pretrial deadlines, not the risk of harm to opposing parties." *Id.*

Although Plaintiff essentially asks the Court to find that the Rule 16 deadlines are elastic, "the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions." *Id.* at *4. "[Allowing … dilatory amendments] would undermine each of these objectives, supplanting predictable procedural rules and rigorous scheduling deadlines with an ad hoc, chaotic 'anything-goes' approach." *Id.* (disallowing out-of-time amendment to name proper defendant); *Lord,* 223 F.Supp.2d at 1277 ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry, … and the record in this case reveals a serious lack of diligence on the part of Plaintiff."); *Williams v. Baldwin County Comm'n,* 203 F.R.D. 512, 516–17 (S.D.Ala.2001) (denying extension where plaintiff's counsel was inattentive to scheduling order).

"It is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15." *Nobles,* 303 F.Supp.2d at 1283. Because Plaintiff has not shown good cause to amend the complaint after the deadline set by the Scheduling Order, the Court does not reach its arguments made under Rule 15.

*Conclusion*

For all the above reasons, Plaintiff's Motion to Amend the Pleadings, [Doc. 22], is **DENIED.**