UNITED STATES of America,
Plaintiff,

v.

$33,330.00 IN UNITED STATES CURRENCY and Ten Pieces of Jewelry Valued at $27,750.00, Defendants.

Civil Action No. 1:08–CV–0113–CC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 4, 2012.

Michael John Brown, U.S. Attorneys Office, Atlanta, GA, for Plaintiff.

Daniel Shim, Morris & Shim, LLC, Atlanta, GA, for Defendants.

### ORDER

CLARENCE COOPER, District Judge.

The above-styled civil forfeiture action is before the Court on the following motions: (1) Claimant's Motion to Suppress Evidence [Doc. No. 41]; (2) Plaintiff's Motion to Strike Claimant's First Amendment to Answer to Complaint for Forfeiture [Doc. No. 63]; (3) Claimant's Motion for Leave of Court to File Out of Time Motion to Suppress [Doc. No. 64]; and (4) Claimant's Motion for Leave of Court to File His First Amendment to Answer to Complaint for Forfeiture [Doc. No. 65]. The Court will address Plaintiff's Motion for Summary Judgment [Doc. No. 29], which is also pending before the Court, by separate order.

## I. BACKGROUND

On January 11, 2008, Plaintiff commenced this action, which was filed pursuant to 21 U.S.C. § 881(a)(6), against $33,330.00 and Ten Pieces of Jewelry valued at $27,750.00 (the "Defendant Properties"). On February 18, 2008, Tony Kayode Ayoola ("Claimant") filed his Verified Claim to the Defendant Properties, and on March 7, 2008, Claimant filed his Answer to the Complaint for Forfeiture (the "Answer").

On March 25, 2008, this Court ordered that the case be stayed pending the resolution of criminal charges against Claimant that were then pending in the Superior Court of Clayton County, Georgia. This case remained stayed until March 6, 2009, when the Court entered an Order reopening the case and instructing the Clerk of Court to restore the case to the trial docket.

On April 14, 2009, the parties filed their Joint Preliminary Report and Discovery Plan (the "Joint Preliminary Report"). The Joint Preliminary Report states that "[a]mendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." (Joint Preliminary Report [Doc. No. 19] at p. 6.) The Joint Preliminary Report further states that "[a]ll motions should be filed as soon as possible. The local rules set specific filing limits for some motions.... All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later." (*Id.*) (citing LR 7.1A(2), NDGa). The parties mutually agreed in the Joint Preliminary Report that discovery commenced March 6, 2009. On April 20, 2009, the Court entered an Order (the "Scheduling Order") approving the Joint Preliminary Report and ordered "that the time limits for adding parties, amending the pleadings, filing motions[,] completing discovery, and discussing settlement" would be as set forth in the Joint Preliminary Report. (Doc. No. 21.)

On July 2, 2009, Plaintiff took Claimant's deposition. During that deposition, Claimant testified, among other things, that he did not know what time the Clayton County SWAT team arrived at his house on the date of his arrest. (Deposition of Tony K. Ayoola "Ayoola Dep." at 98:14–21.) Plaintiff's counsel pointed out that in Claimant's Answer, however, Claimant admitted the allegations stated in Paragraphs 20 and 21 of the Complaint for Forfeiture, which stated, in part, that the SWAT team arrived at 8:11 a.m. and that Claimant surrendered and came out of his residence approximately two hours later. (*Id.* at 99:7–102:4.) Claimant acknowledged hav-

ing had input in drafting the Answer he filed in this action. (*Id.* at 71:3–20.)

On September 18, 2009, following an extension of the discovery period and an extension of the deadline for filing motions for summary judgment, Plaintiff filed its Motion for Summary Judgment. On November 2, 2009, Claimant filed his Response to Plaintiff United States of America's Motion for Summary Judgment and his Motion to Suppress Evidence (the "Motion to Suppress"),[1] but Claimant did not seek leave of Court before filing his Motion to Suppress. On that same date, Claimant filed Claimant's First Amendment to Answer to Complaint for Forfeiture (the "Amended Answer"). Claimant stated in the Amended Answer that he is amending Paragraph 21 of his Answer to state, "Claimant denies the allegations in Paragraph 21 of the Complaint." (Doc. No. 43.) However, Claimant initially failed to seek leave of Court to file the Amended Answer.

Plaintiff now argues that Claimant's Motion to Suppress, which seeks suppression of evidence seized from Claimant's residence, should be denied as untimely and that Claimant's Amended Answer should be stricken. In response, Claimant has filed a motion seeking leave of Court to file the Motion to Suppress out of time and a motion seeking leave of Court to file his Amended Answer. Plaintiff opposes both motions.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) requires that a district court enter a scheduling order that limits the time for parties to join other parties, amend pleadings, complete discovery, and file motions. Fed.R.Civ.P. 16(b)(3)(A). After the expi-

ration of a deadline set forth in a scheduling order for taking a certain action, a party must show good cause for the court to amend the scheduling order to permit the party to take that action belatedly. *See* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "This good cause standard precludes modification [of the court's scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed.R.Civ.P. 16 advisory committee's note); *see also Romero v. Drummond Co.,* 552 F.3d 1303, 1319 (11th Cir.2008) ("To establish good cause, the party seeking the extension must have been diligent.").

## III. MOTION TO SUPPRESS

Rule G(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides, in pertinent part, the following:

> Motion to Suppress Use of the Property as Evidence. If the defendant property was seized, a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence. Suppression does not affect forfeiture of the property based on independently derived evidence.

Rule G(8)(a). As such, a motion to suppress is a specific motion allowed in civil forfeiture matters.

Supplemental Rule G(8)(a) does not set forth any specific timing limitations on the filing of a motion to suppress in a civil forfeiture action, *United States v. Approximately $658.830.00 in U.S. Currency,* No. 2–11–cv–00967 MCE KJN PS, 2011 WL

---

**1.** While Claimant filed the Motion to Suppress on November 2, 2009, Claimant did not file his Brief in Support of the Motion to Suppress until November 9, 2009, because

Claimant's counsel experienced difficulty filing the brief electronically and sought and obtained leave of Court before filing the brief conventionally.

5241311, at *4 (E.D.Cal. Oct. 31, 2011), but this Court's Local Rules and the Scheduling Order entered in the case do limit the time within which parties must file motions. Pursuant to Local Rules 7.1A(2) and 7.2, with the exception of motions pending on removal, emergency motions, motions to compel discovery, motions for summary judgment, motions for reconsideration, and Daubert motions, "[a]ll other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later." LR 7.1A(2), NDGa (emphasis in original); LR 7.2, NDGa. Moreover, as stated *supra*, the parties' Joint Preliminary Report, which was drafted and consented to by Plaintiff and Claimant and subsequently approved by the Court, includes a section entitled "Filing Times for Motions," which provides:

> All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.... All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(Doc. No. 19 at p. 6) (emphasis in original). The Joint Preliminary Report also expressly states that discovery in this case began on March 6, 2009. (*Id.* at p. 8.) Thus, this Court's Local Rules and the Scheduling Order required Claimant to file any motion to suppress on or before April 5, 2009, or seek leave of this Court before filing the Motion to Suppress.

■ Claimant concedes that he did not file his Motion to Suppress in a timely manner. While the Motion to Suppress was due to be filed on April 5, 2009, Claimant did not file the Motion to Suppress until November 2, 2009, which was approximately seven months past the filing deadline. Accordingly, Claimant should have sought leave of Court prior to filing the Motion to Suppress.

Claimant presently requests that the Court consider the untimely motion, but Claimant has not shown good cause for this Court to modify the Scheduling Order for the purpose of allowing the untimely filing of the Motion to Suppress. As an initial matter, Claimant agreed to the deadlines that were set forth in the Joint Preliminary Report and adopted by this Court in the Scheduling Order. The Court did not arbitrarily set the deadlines without input from the parties. Although certainly not dispositive of the issue, this fact weighs against a finding of good cause. *See Florida Business Brokers Ass'n, Inc. v. Williams,* No. 2:09–cv–145–FtM–29SPC, 2010 WL 1539962, at *2 (M.D.Fla. Apr. 19, 2010) ("The Court finds good cause has not been established for failing to comply with the Court's scheduling order, which tracked the dates requested by the parties.").

Notwithstanding Claimant's consent to the deadlines, he now argues that he lacked sufficient information to file the Motion to Suppress on April 5, 2009, and could not have possibly filed the Motion to Suppress by that date. The Court is not persuaded. Claimant knew as early as March 7, 2008, when he filed his Answer that the legality of the search of his residence was an issue he intended to raise in this litigation. In this regard, Claimant asserted as the Second Defense in his Answer that "[t]he Defendant property, as well as various items allegedly found inside of Claimant's residence and used in support of the Complaint for Forfeiture ... are all fruits of an illegal search and seizure." (Doc. No. 9 at p. 1.) Furthermore, while Claimant states that, as of April 5, 2009, he did not know the identities of the law enforcement officers whose deposition testimony he relies upon in support of the

Motion to Suppress, Plaintiff has shown that Claimant's representation is not entirely true and that Claimant knew the identities of at least four of the five officers whom he ultimately deposed as early as January 30, 2009. Since Claimant already had concerns regarding the legality of the search and seizure, as indicated in his Answer, and he knew the identities of several of the officers involved in the search, Claimant could have deposed these officers near the beginning of the discovery period and timely filed the Motion to Suppress on April 5, 2009. Claimant's decision not to depose these officers until July 1 and 2, 2009, exposes Claimant's lack of diligence and weighs against a finding of good cause. *See Boney v. Carnival Corp.*, No. 08–22299–CIV, 2009 WL 4039886, at *1 (S.D.Fla. Nov. 20, 2009) (denying amendment of case management schedule where the party requesting amendment could have taken the discovery that prompted the requested amendment earlier in the case).

Assuming, without accepting, that practical considerations would have made it difficult for Claimant to depose the law enforcement officers he had identified at the beginning of the discovery period, there are still other actions Claimant could have taken to preserve the Fourth Amendment issue for review by the Court. As is often done in criminal proceedings, Claimant could have filed in a timely manner a preliminary motion to suppress and sought leave to perfect the motion upon Claimant's receipt of all of the evidence supporting the motion. At the very least, Claimant could have stated in the Joint Preliminary Report that he intended to file a motion to suppress after conducting sufficient discovery and could have sought permission from the Court to do the same. Claimant took none of these actions. Instead, Claimant agreed to the deadlines adopted in the Court's Scheduling Order and then made no mention of the Fourth Amendment issue until he filed his Motion to Suppress on November 2, 2009.

In addition to neglecting the deadline for filing the Motion to Suppress, Claimant still did not act diligently in raising the Fourth Amendment issue once he learned the information that he maintains forms the basis for the Motion to Suppress. As mentioned *supra*, on July 1 and 2, 2009, Claimant deposed the various law enforcement officers upon whose testimony Claimant now relies in support of the Motion to Suppress. Moreover, on July 1, 2009, Claimant was provided with the Government's case file, which contained documents pertaining to Claimant's arrest, the search of his home following his arrest, and the seizure of the evidence at issue. However, aside from stating that he did not know until Plaintiff filed its Motion for Summary Judgment that Plaintiff would rely so heavily upon the evidence seized in seeking a judgment of forfeiture, Claimant offers no explanation for his delay in filing the Motion to Suppress. Since Claimant concedes that, as of July 2, 2009, he was aware of the facts that he now uses to argue for suppression, the Court deduces that Claimant made a tactical decision to delay formally raising the suppression issue. Such a tactical decision does not establish good cause and is contrary to the Scheduling Order's requirement that "[a]ll motions ... be filed as soon as possible." (Doc. No. 19 at p. 6.)

Relying on *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue*, 363 F.3d 1099 (11th Cir.2004), Claimant argues that well-settled Eleventh Circuit authority requires that the Court determine the admissibility of challenged evidence in a civil forfeiture action before ruling on a motion for summary judgment, if the Government cannot meet its burden on summary judgment without the fruits of the challenged search. The case relied

on by Claimant, however, is distinguishable from the case at bar. In *One Piece of Real Property,* a motion to suppress evidence and statements preceded the Government's summary judgment motion. There is no indication that there was any procedural challenge to the motion to suppress, and a magistrate judge held an evidentiary hearing on the motion to suppress and issued an order recommending denial of the suppression motion. The district court never addressed the merits of the suppression motion. Instead, the district court granted the summary judgment motion on the basis that the motion was unopposed and denied the suppression motion and all other pending motions as moot. The Eleventh Circuit, after reviewing the record, found that there was a genuine issue of material fact concerning the legality of the search, which made summary judgment inappropriate.

In contrast to the motion for suppression at issue in *One Piece of Real Property,* Claimant's Motion to Suppress is procedurally defective. Claimant filed the Motion to Suppress almost seven months past the deadline set forth in the Scheduling Order and four months after Claimant obtained the evidence upon which the Motion to Suppress is based. Claimant's Motion to Suppress succeeded Plaintiff's Motion for Summary Judgment and was filed without leave of Court. Thus, while it appears that the suppression issue was properly raised in *One Piece of Real Property* and thus due to be considered on the merits, Claimant's untimely-raised suppression issue has essentially been forfeited. *See United States v. One 2007 Toyota FJ Cruiser, VIN JTEBU11F670023522,* 824 F.Supp.2d 1369, 1375 n. 2 (N.D.Ga. 2011) ("The Government correctly points out that any attempt by Claimant to raise a Fourth Amendment challenge is untimely."); *United States v. $263,448.00 in United States Currency,* Civil Action No. 1:96–CV–284–HTW, Order [Doc. No. 60] at p.

15 (N.D.Ga. Sept. 24, 1998) (denying consideration of a suppression argument raised in an untimely fashion).

Claimant likewise maintains that the implication of his Fourth Amendment rights supersedes this Court's Local Rules, but Claimant fails to cite any authority for that proposition. Claimant argues that "[a] denial of [his] belated request to file his Motion to Suppress also would clearly not be in the interests of justice" in part because such a denial would be "based on the application of a procedural local rule governing civil cases to a motion whose roots—and time for filing—lie in the Federal Rules of Criminal Procedure." (Doc. No. 64–1 at pp. 11–12.) However, Claimant likely would have fared no better in a criminal proceeding had he displayed similar inattention to procedural rules. Pursuant to Federal Rule of Criminal Procedure 12, motions to suppress must be filed prior to trial and before the deadline set by the court. Fed.R.Crim.P. 12(b)(3) and (c). Failure to file a timely motion to suppress in a criminal case results in a waiver of that defense by the defendant, unless the court finds good cause to grant relief from the waiver. Fed.R.Crim.P. 12(e). This Court's Local Criminal Rules require motions to suppress to be filed within fourteen days of arraignment or the defendant must seek an extension of time to file it. LcrR 12.1B, NDGa. Thus, even in a criminal proceeding, Claimant would have waived his suppression defense because of his untimely filing of the Motion to Suppress and the lack of good cause to grant relief from the waiver.

■ Claimant also asserts that Plaintiff would not be prejudiced if the Court considered the untimely Motion to Suppress, but prejudice is irrelevant to the Court's analysis when diligence has not been shown. "[D]iligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry." *Rogers v. Hartford Life and Acc. Ins. Co.,*

No. 12–0019–WS–B, 2012 WL 2395194, at *3 (S.D.Ala. June 22, 2012) (citations omitted); *see also E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 656 (N.D.Ga.2008) (stating that the inquiry under Rule 16 does not hinge on prejudice or lack thereof to the non-moving party). In any event, the Court disagrees with Claimant and finds that Plaintiff could be prejudiced by Claimant's untimely filing of the Motion to Suppress. If the Court considered the merits of the Motion to Suppress and suppressed any evidence, Plaintiff would not have an opportunity to conduct further discovery to obtain additional evidence independent of the search that would support Plaintiff's forfeiture case. While that does not mean that there is not sufficient independent evidence to support Plaintiff's summary judgment motion presently, the Court's consideration of Plaintiff's untimely Motion to Suppress would deprive Plaintiff of the opportunity to develop and present a case that is based on and tailored to address the evidence that the Court deems admissible.

For all of the above reasons, the Court will deny the Motion to Suppress as untimely.

## IV. AMENDED ANSWER

█ There similarly is not good cause for this Court to modify the Scheduling Order to permit the filing of Claimant's Amended Answer. Any amendments to the pleadings were due to be filed on or before May 14, 2009, which was thirty days after the Joint Preliminary Report was filed. Claimant did not file his Amended Answer until over five months later, and he did so without first seeking leave of Court.

Claimant asserts that he inadvertently admitted the allegation in Paragraph 21 of the Complaint for Forfeiture, which concerns Claimant's surrender to authorities and the time at which he surren-

dered. The Court is not persuaded that the admission was inadvertent. Claimant emphasizes that Paragraph 21 of the Complaint contains four separate factual allegations—that Claimant agreed to surrender, that he came out of the house through a lower bay door, that he was unarmed when he exited his home, and that the surrender occurred approximately two hours after the Clayton County SWAT Team arrived. Claimant maintains that he intentionally admitted the first three facts but inadvertently admitted the fact concerning the time that the events allegedly occurred. Claimant, however, was aware of his ability and obligation under Federal Rule of Civil Procedure 8 to admit the true part or parts of an allegation and to deny the remainder, as Claimant's original Answer contains multiple paragraphs where he admitted part of the allegations contained therein while denying the remainder. (*See* Doc. No. 9 at ¶¶ 7, 11, 15, 19, 28, 30, 34, 42, 43.) Considering Claimant's careful and detailed responses to the other allegations in the Complaint for Forfeiture, the Court is not convinced that Claimant's admission of Paragraph 21 in its entirety was accidental. Even if Claimant's representation is truthful, however, Claimant still has not cited any authority establishing that such a mistake can constitute good cause, as required by Rule 16(b)(4), and the Court's research informs that such "carelessness is not compatible with a finding of diligence" and does not support a finding of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court further rejects any suggestion by Claimant that he could not accurately address the allegations in the Complaint for Forfeiture concerning the time of his surrender until he received discovery from Plaintiff. Information concerning this subject was not peculiarly within

the knowledge of Plaintiff, because Claimant was present at the time the events at issue transpired. Even if Claimant did need to access documents to refresh his recollection, Claimant could have accessed his arrest report, for example, which would have provided some indication of the time of his arrest, prior to the deadline for amending pleadings.[2] The Eleventh Circuit has stated the following concerning such a lack of diligence by a party seeking to amend a pleading after the deadline for doing so has passed:

> The lack of diligence that precludes a finding of good cause is not limited to a [party] who has full knowledge of the information with which it seeks to amend its [pleading] before the deadline passes. That lack of diligence can include a [party]'s failure to seek the information it needs to determine whether an amendment is in order.

*Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n. 3 (11th Cir. 2009). Because Claimant's proposed amendment concerns facts that were or should have been within Claimant's knowledge prior to the deadline for amending pleadings, the Court cannot find that good cause exists for Claimant's belated attempt to amend his Answer.

In any event, Claimant cannot meet his burden of establishing good cause for the additional reason that he was not diligent in filing his Amended Answer, even after learning of what he contends was an error in his original Answer. There is no dis-

pute that depositions taken in this action prompted the filing of the Amended Answer. As mentioned *supra*, Claimant testified during his deposition on July 2, 2009, that he did not know what time the SWAT team arrived at his house. In response to that testimony, Plaintiff's counsel pointed out that Claimant had admitted in his Answer that the SWAT team arrived at Claimant's home at 8:11 a.m. and that Claimant surrendered approximately two hours later. In addition to Claimant's deposition, the above-mentioned depositions of law enforcement officers occurred on July 1 and 2, 2009. Claimant asserts that his Amended Answer is based on the deposition testimony and arrest report of the officer who arrested Claimant, Officer John Davis, which reflected that Claimant was arrested at 8:20 a.m., not two hours later. Yet, both Claimant's deposition and the deposition of Officer Davis were completed by July 2, 2009, and Claimant offers no persuasive reason for his failure to seek to amend his original Answer prior to November 2, 2009. Claimant could have addressed his purported inadvertent admission within days of the depositions, but he made no attempt to do so. Claimant's four-month delay does not show good cause. *See Exel*, 259 F.R.D. at 655 (holding that two-month delay between deposition providing relevant information and request for amendment did not show good cause). Because Claimant was not diligent in pursuing the proposed amendment and he did not seek leave of Court before filing the Amended Answer,[3] the Court will deny

---

2. Notably, Plaintiff informs the Court that Claimant's counsel in this civil case also represented Claimant in the criminal case in Clayton County. This leads the Court to believe that Claimant's counsel already would have had a copy of Claimant's arrest report either at the time Claimant filed the Answer in this civil action or certainly by the time that any amendments to the pleadings were due on May 14, 2009.

3. Because the Court finds that Claimant has not satisfied the threshold, good-cause requirement of Rule 16, the Court need not decide whether Claimant would be entitled to leave to amend pursuant to Rule 15. *See Massey, Inc. v. Moe's Southwest Grill, LLC*, Civil Action No. 1:07–CV–741–RWS, 2012 WL 1319817, at *6 n. 2 (N.D.Ga. Apr. 17, 2012). However, the undue delay demonstrated by Claimant would provide a sufficient reason to deny leave to amend under Rule 15. *See*

leave to amend and strike the Amended Answer. *See Romero v. Drummond Co.,* 552 F.3d 1303, 1319 (11th Cir.2008) ("To establish good cause, the party seeking the extension must have been diligent."); *Oravec v. Sunny Isles Luxury Ventures, L.C.;* 527 F.3d 1218, 1232 (11th Cir.2008) (affirming denial of leave to amend where the party seeking to amend did not show requisite level of diligence).

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Claimant's Motion to Suppress Evidence [Doc. No. 41], **GRANTS** Plaintiff's Motion to Strike Claimant's First Amendment to Answer to Complaint for Forfeiture [Doc. No. 63], **DENIES** Claimant's Motion for Leave of Court to File Out of Time Motion to Suppress [Doc. No. 64], and **DENIES** Claimant's Motion for Leave of Court to File His First Amendment to Answer to Complaint for Forfeiture [Doc. No. 65]. The Court **DIRECTS** the Clerk of Court to **STRIKE** from the record of this case Claimant's First Amendment to Answer to Complaint for Forfeiture [Doc. No. 43].

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).